[Civ. No. 47768. Second Dist., Div. Three. Feb. 24, 1976.]

ARTHUR L. HUNOT et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
FIRE FLYERS, INC., Real Party in Interest.

**COUNSEL**

Paul, Hastings & Janofsky and Thomas D. Phillips for Petitioners.

No appearance for Respondent.

Benton, Orr, Duval & Buckingham and Edwin Duval for Real Party in Interest.

## OPINION

**THE COURT.***—In this proceeding petitioners, Arthur L. Hunot, Frank Hamp, Avrom R. Handleman, Douglas Hamp, and Monsanto Company, seek a writ of prohibition to restrain respondent superior court from taking further proceedings in, or a writ of mandate to compel said court to dismiss, a pending action for lack of prosecution pursuant to Code of Civil Procedure section 583, subdivision (b),[1] because it was not brought to trial within five years after plaintiff filed its action. We have concluded that the writ should issue.

Herein follows the chronology of pertinent procedural facts. On October 30, 1970, the real party in interest, Fire Flyers, Inc. (hereinafter plaintiff), filed a complaint against petitioners (hereinafter defendants) and Does one through five for treble damages for restraint of trade and unfair trade practices. On January 8, 1971, defendants Monsanto and Frank Hamp filed their answers. On January 12, 1971, defendants Hunot and Douglas Hamp filed their answers. On April 14, 1971, Monsanto and Frank Hamp filed a demand for security for costs pursuant to section 1030. On June 3, 1971, Monsanto and Frank Hamp filed a motion to dismiss the complaint due to plaintiff's failure to post security for costs, which was heard and denied on June 25, 1971. At this time the court "suspended" the proceedings for 10 days to permit an undertaking to be filed. An undertaking was filed on July 1, 1971. No formal notice of posting the undertaking was given to defendants other than the transmission of a copy of the letter of enclosure sent to the court. On July 5, 1972, defendant Handleman filed his answer. On August 28, 1975, four years and ten months from the filing of the complaint, plaintiff caused an at-issue memorandum to be filed. A pretrial conference was not requested; a trial setting conference was set for December 2, 1975. On November 6, 1975, defendants noticed a motion to dismiss the case on the ground that it was not brought to trial within five years. (§ 583, subd. (b).) On November 10, 1975, plaintiff filed a memorandum of points and authorities and declaration in opposition to the motion to dismiss. Plaintiff also noticed a motion to advance or specially set the case for

---

*Before Ford, P. J., Allport, J., and Potter, J.

[1] Code of Civil Procedure section 583, subdivision (b), reads: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

Unless otherwise indicated, all section references are to the Code of Civil Procedure.

trial. Defendants' motion to dismiss and plaintiff's motion to advance or specially set the case for trial came on for hearing on November 14, 1975; respondent court took the matter under submission. On November 18, 1975, the court filed its order denying defendants' motion to dismiss and plaintiff's motion to advance or specially set the case for trial and ruled that the five-year period had been extended by at least 82 or perhaps 85 days. On December 8, 1975, defendants noticed a second motion to dismiss under section 583 together with a motion to reconsider the court's previous ruling. The motions came on for hearing on December 12, 1975; respondent court took the matter under submission. On December 16, 1975, the court denied defendants' motions. A settlement conference was held on December 18, 1975, and the action was set for trial on January 19, 1976.

### Discussion

Since no direct appeal lies from the denial of a motion to dismiss, an appeal from the judgment after trial is an inadequate remedy when the motion is meritorious. ▮ "Either a writ of mandate to compel dismissal or a writ of prohibition to restrain the trial is a proper remedy to enforce the trial court's duty to dismiss [an action] pursuant to section 583, subdivision (b). [Citations.]" (*McDonough Power Equipment Co. v. Superior Court,* 8 Cal.3d 527, 530 [105 Cal.Rptr. 330, 503 P.2d 1338].)

An action not brought to trial within five years after it was commenced is subject to mandatory dismissal under section 583, subdivision (b). Under subdivision (f), however, the time during which the jurisdiction of the court to try the action is suspended is not included in computing the five-year period.[2] In the instant case the five years elapsed on October 31, 1975. We are, therefore, presented with the question whether the five-year period has been extended.

The purpose and interpretation of dismissal statutes such as section 583 were succinctly stated in *Crown Coach Corp. v. Superior Court,* 8 Cal.3d 540, 546-548 [105 Cal.Rptr. 339, 503 P.2d 1347]. Dismissal statutes both promote the trial of cases before evidence is lost, or deteriorates in some fashion, and protect defendants from being subjected to the indefinite pendency of unmeritorious actions. In support of these policies the mandatory five-year provision of section 583 requires dismissal upon

---

[2]Subdivision (f) reads: "The time during which the defendant was not amenable to the process of the court and the time during which the jurisdiction of the court to try the action is suspended shall not be included in computing the time period specified in any subdivision of this section."

the motion of a defendant, or by the court on its own motion, unless the action is brought to trial within five years after it has been filed except where the parties stipulate in writing that the time may be extended. Certain exceptions have been decisionally established where it would be impossible, impracticable or futile *due to causes beyond a party's control* to bring an action to trial during the five-year period. Whether it is impossible, impracticable or futile to proceed to trial must be determined in light of the circumstances of each particular case. (*McRoberts* v. *Gorham,* 18 Cal.App.3d 1040, 1044 [96 Cal.Rptr. 427].) As conveniently cataloged in *Crown Coach Corp., supra,* "[a] broad range of factors has been recognized as giving rise to impossibility, impracticability or futility in proceeding to trial within the five-year period."[3] (*Crown Coach Corp.* v. *Superior Court, supra,* at p. 547, fn. omitted.) The policies that are balanced in the rule and its exceptions are the salutary preference for disposing of litigation on the merits rather than on procedural grounds and the duty of the plaintiff to exercise diligence in proceeding to trial. " 'The net effect of the decisions appears to be that no implied exceptions will be created, and no excuses for noncompliance with C.C.P. 583 will be accepted, unless they may fairly be said to make a trial impracticable.' [Citation.] It is settled that the implied exceptions to the five-year period prescribed by section 583 do not contemplate 'that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period. [Citation.]' [Citations.] '[T]he duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination.' [Citations.]" (*Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d at p. 548.)

---

[3]Collected in *Crown Coach Corp.* v. *Superior Court, supra,* at page 547, footnote 5, are the following examples: consolidation of personal injury and wrongful death actions (*General Motors Corp.* v. *Superior Court,* 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492]); insufficient stipulation (*Woley* v. *Turkus,* 51 Cal.2d 402 [334 P.2d 12]); outstanding judgment awaiting appeal barring current action (*Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981]); delay awaiting report of referee (*City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908 [207 P.2d 17]); codefendant absent for military service (*Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]); appeal of order changing venue (*Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]); delay awaiting concurrent litigation on identical issues (*Stella* v. *Great Western Sav. & Loan Assn.,* 13 Cal.App.3d 732 [91 Cal.Rptr. 771]); delay after peremptory challenge of judge (*Nail* v. *Osterholm,* 13 Cal.App.3d 682 [91 Cal.Rptr. 908]); moratorium statute (*Good* v. *State of California,* 273 Cal.App.2d 587 [78 Cal.Rptr. 316]); coplaintiffs' appeal pending (*Westphal* v. *Westphal,* 61 Cal.App.2d 544 [143 P.2d 405]).

■ In the instant case petitioners contend that the five-year period was not tolled on April 14, 1971, when they, as defendants below, made a demand for security for costs under section 1030,[4] which demand was not complied with until July 1, 1971, and that, therefore, the period of time between April 14 and July 1 should be included in computing the five-year period.

Section 1030 protects California defendants against costs and charges that they may be awarded in suits by nonresident plaintiffs. (*Becker* v. *Schmidlin,* 153 Cal. 669, 671 [96 P. 280].) For the protection of defendants, once a proper demand is made, all proceedings in the action are stayed pending the filing of the undertaking. (*Carter* v. *Superior Court,* 176 Cal. 752, 757-758 [169 P. 667].) The right of resident defendants to security for costs under section 1030 is a procedural and not a "fundamental" right. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]; cf. *Nail* v. *Osterholm, supra,* 13 Cal.App.3d 682, 686-687.) The trial court's jurisdiction over the subject matter or the cause is not affected by the stay. The court's power to act, however, is suspended: it cannot act without the occurrence of a certain procedural prerequisite—the filing of the undertaking. (*Abelleira* v. *District Court of Appeal, supra,* at pp. 288-289; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 193, pp. 725-726.) Upon plaintiff's compliance with section 1030 the stay of proceedings terminates.[5] Thus a defendant's exercise of its right under section 1030 effectively shifts to plaintiff the power to control the duration of the stay

[4]Section 1030 provides as follows: "When the plaintiff in an action or special proceeding resides out of the State, or is a foreign corporation, security for the costs and charges, which may be awarded against such plaintiff, may be required by the defendant. When required, all proceedings in the action or special proceedings must be stayed until an undertaking, executed by two or more persons, is filed with the clerk, or with the judge if there be no clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action or special proceeding, not exceeding the sum of three hundred dollars ($300). A new or an additional undertaking may be ordered by the court or judge, upon proof that the original undertaking is insufficient security, and proceedings in the action or special proceeding stayed until such new or additional undertaking is executed and filed. Any stay of proceedings granted under the provisions of this section shall extend to a period 10 days after service upon the defendant of written notice of the filing of the required undertaking. [¶] After the lapse of 30 days from the service of notice that security is required, or of an order for new or additional security, upon proof thereof, and that no undertaking as required has been filed, the court or judge, may order the action or special proceeding to be dismissed."

[5]We note that a demand under section 1030 does not divest the court of complete power to act. If the procedural prerequisite does not occur within 30 days the trial court may dismiss the action.

inasmuch as plaintiff and only plaintiff can perform the procedural prerequisite.

Section 1030, like section 583, which protects a defendant "from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time" (*Crown Coach Corp.* v. *Superior Court, supra,* at p. 546), is procedural and not jurisdictional. (Cf. *Nail* v. *Osterholm, supra,* 13 Cal.App.3d 682, 686.) Being procedural, section 1030 must be construed in such a way that defendants' exercise of its right thereunder does not necessarily entail the risk of forfeiting the protection of section 583. (Cf. *id.*) Accordingly, we hold that the period of time during which proceedings are stayed subsequent to a demand for security for costs under section 1030 does not operate as a suspension of the court's jurisdiction within the meaning of section 583, subdivision (f), so as to toll the five-year statute. To hold that the five-year statute is tolled by a demand under section 1030 would be to allow plaintiff to control the period of suspension of jurisdiction in the trial court, and if dilatorious, to defeat the purpose of section 583 and discourage the exercise of defendants' right under section 1030. To so hold would also establish an exception to section 583 where the impossibility, impracticability or futility of bringing an action to trial during the five-year period is due to causes not beyond a party's control. (See *Crown Coach Corp.* v. *Superior Court, supra,* at p. 546.) Indeed, once a section 1030 demand has been made, it is in plaintiff's control as to when an undertaking will be filed and the power of the court to proceed to trial reinstated.[6] A vigilant plaintiff who does not want to lose time against the five-year statute will post security for costs swiftly after a demand is made. Those plaintiffs who take longer to file the undertaking do so on their own time. The power to lift the stay or suspension of proceedings, however, remains in their control.

In summary, the facts of this case do not constitute circumstances making it impossible, impracticable or futile to bring the action to trial during the applicable five-year period. We conclude that the five-year period was not extended and the trial court erred in failing to dismiss the action. This decision is consistent with the policies of encouraging plaintiffs to hasten the bringing of their actions to trial within the five

---

[6]Under section 1030 a trial court has the power to extend the period for filing the undertaking beyond 30 days and also to dismiss an action if the undertaking is not posted within 30 days. In the case at bench the trial court allowed the plaintiff an extended time within which to file an undertaking. Because plaintiff received this benefit without dismissal under section 1030 is not a reason why the duration of the stay should be deemed not to be included within the five-year period.

years and not discouraging defendants from exercising their right under section 1030. Plaintiff will suffer no harm it did not voluntarily incur.

Let a peremptory writ of mandate issue as prayed.

Petition for a rehearing was denied March 17, 1976, and the petition of the real party in interest for a hearing by the Supreme Court was denied April 22, 1976.