[L.A. No. 31309. Jan. 19, 1981.]

SEROB HOCHARIAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SONYA PEREZ, Real Party in Interest.

COUNSEL

James F. Callopy, Charles W. Pearce and Callopy, Salomone, McNeil & Landres for Petitioner.

No appearance for Respondent.

Bledstein & Lauber and Leslie Ellen Shear for Real Party in Interest.

OPINION

**BIRD, C. J.**—This court must decide what criteria govern operation of the mandatory dismissal provision of Code of Civil Procedure section 581a, under which a summons on a complaint must be served and return made within three years after an action is filed, in view of the implied exceptions to the statute as recognized in *Wyoming Pacific Oil Co. v. Preston* (1958) 50 Cal.2d 736 [329 P.2d 489].

## I.

A third party cause of action was filed against General Motors Corporation, Paramount Chemical Corporation, Harold Beasley, dba Arco Service Station, and Does I through XXX on August 30, 1976. The complaint alleged that real party in interest (hereinafter plaintiff), Sonya Perez, was injured in an automobile accident in Whittier, California on September 3, 1975, while driving an automobile which was leased by her employer, Georgia-Pacific Corporation. The accident was alleged to have been caused by faulty brakes. Georgia-Pacific subsequently intervened in the lawsuit and sought recovery of sums paid to

Ms. Perez as a result of a workers' compensation claim arising out of the accident. Plaintiff alleges that she and Georgia-Pacific cooperated with each other in the prosecution of the lawsuit, although the particular details of that cooperation are not part of the record before this court.

On September 14, 1979, General Motors took the deposition of Robert Ermer, an employee of Georgia-Pacific who usually drove the automobile in which Ms. Perez was injured. He was questioned about the maintenance work on the car and testified that defendant Beasley usually serviced the car but that on one occasion the brakes were checked by petitioner, Serob Hocharian, a Texaco service station owner. Hocharian was deposed in October of 1979 and he was served with a summons as Doe VI on November 5, 1979. This was some nine weeks after the expiration of the three-year summons service period provided for in Code of Civil Procedure section 581a.[1]

There is no question that plaintiff had no knowledge of Hocharian or his possible involvement until the Ermer deposition in September of 1979. Georgia-Pacific was apparently aware of this information in early November of 1975 when it contacted Hocharian and his insurance company seeking to recover for damages to the car. However, Georgia-Pacific never informed Ms. Perez about the potential liability of Hocharian.

After receipt of the summons, Hocharian moved to dismiss the action against him because section 581a, subdivision (a), had not been complied with. Plaintiff countered that there was an implied exception to this section, citing *Wyoming Pacific Oil Co. v. Preston, supra,* 50 Cal.2d 736, 740-741, and arguing that since the failure was due to plaintiff's inability to learn of petitioner's involvement, it was "impossible" to comply with the statute. The trial court summarily denied

---

[1]Section 581a, subdivision (a) provides: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

All further references are to the Code of Civil Procedure unless otherwise indicated.

Hocharian's motion to dismiss and this petition for writ of mandate followed.

## II.

The Legislature has mandated that a summons on a complaint must be served and return made within three years after an action is filed or the action must be dismissed. (§ 581a.) In *Wyoming Pacific Oil Co.* v. *Preston, supra*, 50 Cal.2d 736, 741, this court examined several of the "implied exceptions" to the "apparently mandatory" language of section 583, a statute which imposes a five-year period within which an action must be brought to trial. *Wyoming Pacific* held that trial courts have discretion to apply a similar set of exceptions to section 581a. (*Id.*, at pp. 740-741.) However, any discretion had to be "'exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.'" (*Id.*, at p. 741.) Thereafter, each case was to be "decided on its own particular facts, and no fixed rule [could] be prescribed to guide the court in its exercise of this discretionary power under all circumstances." (*Ibid.*)

Both sections 581a and 583 impose strict time limits on plaintiffs prosecuting lawsuits. In applying these statutes, the courts recognized that an inflexible interpretation often led to unfair results. Therefore, some courts held that if compliance was impossible for jurisdictional or other reasons, noncompliance would be excused. (See generally *Rose* v. *Knapp* (1951) 38 Cal.2d 114, 117 [237 P.2d 981]; *Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 530 [71 P.2d 205, 112 A.L.R. 1153]; *Kinard* v. *Jordan* (1917) 175 Cal. 13, 15-16 [164 P. 894]; *Estate of Morrison* (1932) 125 Cal.App. 504, 510-511 [14 P.2d 102].) This "impossibility" exception was later extended to cases in which compliance was either "impracticable" or "futile." (See *Christin* v. *Superior Court, supra*, 9 Cal.2d at p. 533; see also *Rose* v. *Knapp, supra*, 38 Cal.2d at p. 117; *City of Pasadena* v. *City of Alhambra* (1949) 33 Cal.2d 908, 916-917 [207 P.2d 17]; *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 67 [168 P.2d 665].)

As early as 1920, the appellate courts recognized that "[t]he object intended to be attained by section 581a of the Code of Civil Procedure is, obviously, to compel *reasonable diligence* in the prosecution of an action after it has been commenced, and thus afford the party or parties against whom it is brought an opportunity to present such evidential

support to any defense he or they may have thereto as may be available at the time the action is instituted, but which may be lost or destroyed through the death of witnesses or otherwise before the action is brought to issue by reason of an unreasonably long delay in serving the defendant or defendants with appropriate legal process notifying him or them of the pendency of the action." (*People* v. *Kings County Dev. Co.* (1920) 48 Cal.App. 72, 76 [191 P. 1004], italics added.)

Fifty years later, in *Black Bros. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501, 505,[2] this concept was reiterated. "It is the policy of the law, as declared by the courts, that when a plaintiff exercises *reasonable diligence* in the prosecution of his action, the action should be tried on the merits. This policy is counter-balanced, however, by the policy declared by the Legislature and the courts that when a plaintiff fails to exercise *reasonable diligence* in the prosecution of his action it may be dismissed by the trial court." (Italics added.)

Thus, the idea of *reasonable diligence* has been the cornerstone of statutory analysis of section 581a. (See *Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 548 [105 Cal.Rptr. 339, 503 P.2d 1347]; *Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d at p. 740-741; *Ostrus* v. *Price* (1978) 82 Cal.App.3d 518, 521 [146 Cal.Rptr. 922]; *Hunot* v. *Superior Court* (1976) 55 Cal.App.3d 660, 664 [127 Cal. Rptr. 703]; *McKenzie* v. *City of Thousand Oaks* (1973) 36 Cal.App. 3d 426, 429 [111 Cal.Rptr. 584]; *Watson* v. *Superior Court* (1972) 24 Cal.App.3d 53, 58, 59 [100 Cal.Rptr. 684]; *Flamer* v. *Superior Court* (1968) 266 Cal.App.2d 907, 911, 915 [72 Cal.Rptr. 561]; *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 390 [38 Cal.Rptr. 693].) Exceptions to the literal language of time-limit statutes were developed in recognition not only of "objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense." (*Christin* v. *Superior Court, supra,* 9 Cal.2d at p. 533.) As every litigator knows, the prosecution or defense of a lawsuit involves the difficult problem of balancing the effectiveness of any given tactic or procedure against its cost in terms of time and expense. Even the attorney who utilizes every reasonable and cost-effective discovery procedure must acknowledge the possibility that he or she will fail to

---

[2]Disapproved on unrelated grounds in *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 563 [86 Cal.Rptr. 65, 468 P.2d 193], and in *Woolfson* v. *Personal Travel Service, Inc.* (1971) 3 Cal.3d 909, 911-912 [92 Cal.Rptr. 286, 479 P.2d 646].

discover the identity of a potential defendant within the statutory three-year period.

Certainly the state has an interest in assuring that lawsuits are prosecuted expeditiously. (*Schultz* v. *Schultz* (1945) 70 Cal.App.2d 293, 297 [161 P.2d 36].) As a result, plaintiffs are required by statutes, such as sections 581a and 583, to use reasonable diligence in bringing lawsuits to trial. However, the Legislature, cognizant of the cost-benefit balancing process inherent in the litigation system, would not have required a plaintiff to be more than reasonably diligent.

In recognition of this fact, the courts have suggested at least three "implied exceptions" to section 581a's rule of mandatory dismissal[3]—impossibility, impracticability, and futility[4]—to be applied in the trial court's discretion. (*Crown Coach Corp.* v. *Superior Court, supra*, 8 Cal.3d at pp. 546-547; *Tresway Aero, Inc.* v. *Superior Court, supra*, 5 Cal.3d at p. 437; *Wyoming Pacific Oil Co.* v. *Preston, supra*, 50 Cal.2d at p. 740; *Watson* v. *Superior Court, supra*, 24 Cal.App.3d at p. 58.) Notwithstanding the wisdom of the *Wyoming Pacific* court's admonition against the formulation of "fixed rules" (50 Cal.2d at p. 741; see p. 719) *ante*, it now appears necessary to articulate some general guidelines for the exercise of this discretion which are consistent with the underlying statutory intent.

---

[3]The Courts of Appeal have for some time struggled with the question as to whether or not section 581a is both mandatory and jurisdictional. (Cf. *Flamer* v. *Superior Court, supra*, 266 Cal.App.2d at p. 912 with *Semole* v. *Sansoucie* (1972) 28 Cal. App.3d 714, 722 [104 Cal.Rptr. 897]; *Bernstein* v. *Superior Court* (1969) 2 Cal. App.3d 700, 704 [82 Cal.Rptr. 775]; *Highlands Inn, Inc.* v. *Gurries* (1969) 276 Cal. App.2d 694, 697 [81 Cal.Rptr. 273]; *Black Bros. Co.* v. *Superior Court, supra*, 265 Cal.App.2d at p. 505; *Dresser* v. *Superior Court* (1964) 231 Cal.App.2d 68, 73 [41 Cal.Rptr. 473].) The statute can be termed "mandatory" in the sense that a trial court must dismiss if the plaintiff fails to prove reasonable diligence in attempting to serve and return summons. The court in *Flamer, supra*, however, was correct when it suggested that in view of *Wyoming Pacific*, "section 581a can no longer be regarded as jurisdictional." (266 Cal.App.2d at p. 912.)

[4]In *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211], this court recognized another implied exception to section 581a in holding that a defendant may be estopped from seeking dismissal if his conduct or assertions induce detrimental reliance on the part of the plaintiff who thereby fails to serve and return summons within the three-year period. On the one hand, the estoppel doctrine is unaffected by today's decision since it is addressed primarily to the conduct of the defendant rather than the plaintiff. On the other hand, the concept of reasonableness is equally applicable since, as noted in *Tresway*, plaintiff's reliance must be reasonable for the doctrine of estoppel to apply. (*Id.*, at p. 440.)

In applying any of these exceptions to a given factual situation, the critical question is whether a plaintiff used reasonable diligence in prosecuting his or her case. The particular factual context or cause of the noncompliance should not be determinative;[5] rather, the primary concern must be the nature of the plaintiff's conduct.[6]

The statute sets forth the three-year limitation period which must be complied with unless plaintiff shows that the greater-than-three-year delay was not due to his or her unreasonable conduct. Thus in effect, the statute operates as a rebuttable presumption: if plaintiff fails to serve and return summons on a defendant within three years of the commencement of the action, plaintiff may be presumed to have failed to use reasonable diligence. This presumption may be overcome by plaintiff, who bears the burden of proving that he falls within an implied exception to section 581a.[7] (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 53 [115 Cal.Rptr. 241, 524 P.2d 369]; *Ostrus* v. *Price, supra,* 82 Cal.App.3d at p. 521; *County of Los Angeles* v. *Security Ins. Co.* (1975) 52 Cal.App.3d 808, 816 [125 Cal.Rptr. 701]; *McKenzie* v. *City of Thousand Oaks, supra,* 36 Cal.App.3d at pp. 430-431; *Watson* v. *Superior Court, supra,* 24 Cal.App.3d at

---

[5]It is somewhat inconsistent to recognize that the implied exceptions to section 581a are not limited to "objective impossibility" (see *Christin* v. *Superior Court, supra,* 9 Cal.2d at p. 533) while at the same time suggesting that application of the exceptions is appropriate only where the cause of the noncompliance is "beyond [the plaintiff's] control." (*Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d at p. 546.) Thus, to the extent that the following cases are inconsistent with the opinion in this case, they are disapproved: *Crown Coach Corp.* v. *Superior Court, supra; Ippolito* v. *Municipal Court* (1977) 67 Cal.App.3d 682 [136 Cal.Rptr. 795]; *Hunot* v. *Superior Court, supra,* 55 Cal.App.3d 660; *Watson* v. *Superior Court, supra,* 24 Cal.App.3d 53; *Highlands Inn, Inc.* v. *Gurries, supra,* 276 Cal.App.2d 694.

[6]Most of the cases have involved situations where the plaintiff has encountered some difficulty in serving a *known* defendant. (See, e.g., *Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d 431; *Ostrus* v. *Price, supra,* 82 Cal.App.3d 518; *Ippolito* v. *Municipal Court, supra,* 67 Cal.App.3d 682; *Elling Corp.* v. *Superior Court* (1975) 48 Cal.App.3d 89 [123 Cal.Rptr. 734]; *Bernstein* v. *Superior Court, supra,* 2 Cal.App.3d 700; *Smith* v. *Herzer* (1969) 270 Cal.App.2d 747 [76 Cal.Rptr. 77]; *Hill* v. *Superior Court* (1967) 251 Cal.App.2d 746 [59 Cal.Rptr. 768].) This case, on the other hand, concerns a situation where plaintiff did not learn the identity of the defendant until after the three-year period had expired. (Cf. *Watson* v. *Superior Court, supra,* 24 Cal. App.3d 53.) While the specific considerations may be different, the underlying question is the same: whether or not unreasonable conduct on the part of plaintiff gave rise to the noncompliance. Moreover, trial courts, familiar with the balancing process central to negligence determinations, are well equipped to resolve this question.

[7]Justice Clark's dissent suggests that the standards enunciated by the court in today's decision remove "all substantive effect from section 581a" (*post,* p. 728) because

p. 58.) ▮ In the present case, the trial court denied petitioner's motion to dismiss without any factual finding as to the nature of the plaintiff's conduct. Since the record before this court is inadequate to allow such a finding,[8] and in view of the previous lack of any articulated standards to guide the trial court in exercising its discretion, a writ must issue to compel the trial court to hold a hearing on the issue of reasonable diligence.[9]

---

they are the same standards as those which apply to discretionary dismissals under section 583, subdivision (a).

In *Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 416-417 [134 Cal.Rptr. 402, 556 P.2d 764], this court stated that "[s]ubdivision (a) [of § 583] places no restrictions on the exercise of the trial court's discretion and it will be disturbed only in cases of manifest abuse. [Citation.]" (Accord *Denham v. Superior Court, supra,* 2 Cal.3d at p. 563.) In contrast to this "unrestricted" discretion accorded trial courts under section 583, subdivision (a), the primary purpose of the foregoing discussion of section 581a has been to articulate a consistent set of guidelines for the exercise of the trial court discretion recognized in, but not limited by, *Wyoming Pacific, supra.*

It is important that the distinction between the two sections be made clear. As was noted earlier in this opinion with respect to section 581a, once a defendant shows a greater-than-three-year delay in the service and return of summons, the burden is on the *plaintiff* to show that the delay was not due to his own unreasonable conduct, and the trial court must so find or order dismissal of the action. Under section 583, subdivision (a), the trial court may consider a myriad of factors not limited to the reasonableness of the plaintiff's conduct (see Cal. Rules of Court, rule 203.5), and the burden is on the *defendant* to show that dismissal is warranted. Moreover, as this court held in *Denham v. Superior Court, supra,* 2 Cal.3d at page 563, section 583, subdivision (a) imposes "no requirement that the motion to dismiss 'must' be granted unless opposed by an adequate showing of diligence or excuse for delay." Contrary to the implication in Justice Clark's assertion, this is precisely the requirement which today's decision imposes on trial courts hearing section 581a motions.

[8]It is interesting to note that the briefs of petitioner and plaintiff assume opposite conclusions on the reasonable diligence issue without the benefit of a factual finding in the trial court. Petitioner argues that "failure to effectuate timely service upon petitioner was by neglect and lack of diligence on the part of the plaintiff," concluding that "[a] lack of diligence in the prosecution of a lawsuit will preclude the application of [any of the implied exceptions to] C.C.P. § 581a(a)." Plaintiff, on the other hand, asserts that her "conduct was not unreasonable" in view of the fact that she was cooperating with intervener Georgia-Pacific in the prosecution of the lawsuit.

Under normal circumstances, failure by the plaintiff through the use of discovery procedures to ascertain the identity of a potential defendant suggests a lack of reasonable diligence on plaintiff's part. Plaintiff in this case, however, argues that Georgia-Pacific's role as a cooperating intervener compels an opposite conclusion. Since the record is inadequate to allow this court to determine whether, under the circumstances, it would be reasonable to expect the plaintiff to have deposed Robert Ermer or other Georgia-Pacific employees with knowledge of petitioner Hocharian's potential involvement at an earlier date, it is necessary to remand to the trial court for further proceedings.

[9]It should also be noted that the issue of balancing prejudice to the parties, a discussion of which follows, would in itself require an additional hearing by the trial court.

■ Although the decision to issue the writ adequately disposes of this case, it is appropriate to briefly comment on the issue of prejudice, since it may become a factor in the lower court.

The primary purpose of section 581a is to assure reasonable diligence in the prosecution of lawsuits. This concern is motivated, at least in part, by a desire to insure that defendants faced with a lawsuit have a reasonable opportunity to locate evidence and witnesses in preparing a defense. As this court stated in *Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d at page 546: "The dismissal statutes, like statutes of limitation, 'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed....' (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].)" (See also *Ippolito* v. *Municipal Court, supra,* 67 Cal. App.3d at p. 687; *Flamer* v. *Superior Court, supra,* 266 Cal.App.2d at p. 915; *Black Bros. Co.* v. *Superior Court, supra,* 265 Cal.App.2d at pp. 505-506.) Thus, even in a situation where plaintiff has demonstrated reasonable diligence at every stage of the lawsuit, a delay in serving summons may result in substantial prejudice to a defendant. If this delay exceeds the three-year statutory limit, the court must at least consider the issue of prejudice in deciding whether or not to dismiss the defendant from the lawsuit.

Thus, once a plaintiff has proven his use of reasonable diligence, the trial court still has discretion to dismiss as to the defendant pursuant to section 581a. In exercising this discretion, the court must be aware of the fact that it is dealing with two essentially innocent parties—a plaintiff who has demonstrated reasonable diligence and a defendant who has only recently been given notice of the lawsuit. The court must also keep in mind the strong public policy that litigation be disposed of on the merits wherever possible. (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 566; accord *Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d at p. 548; *McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527, 538 [105 Cal.Rptr. 330, 503 P.2d 1338] (dis. opn. by Peters, J.).)

The decision whether or not to dismiss must be based on a balancing of the harm to the plaintiff if the motion is granted against the prejudice to the defendant if he is forced to defend the suit.[10] As long as the

---

[10]The court may consider such factors as the potential ultimate liability of the defendant vis-à-vis other defendants, the probability of the defendant being found liable, the length of the delay in service, the difficulty in locating witnesses or evidence, and whether the defendant had actual knowledge of the potential claim through other chan-

court engages in this balancing process, its decision should not be disturbed on appeal absent an abuse of discretion. (See *Denham* v. *Superior Court, supra*, 2 Cal.3d at p. 566.)

### III.

Let a peremptory writ of mandate issue to compel the trial court to hold a hearing in accord with the views expressed herein. Each party shall bear its own costs.

Tobriner, J., Mosk, J., and Newman, J., concurred.

**RICHARDSON, J.**—I respectfully dissent. In my view the trial court erred in denying defendant's motion to dismiss the action on the ground that plaintiff failed to serve summons within the three-year period specified in section 581a, subdivision (a), of the Code of Civil Procedure.

Plaintiff was injured in a motor vehicle accident in September 1975. She filed her action for damages in August 1976, naming the manufacturer and owner of the vehicle, the service station and mechanic who serviced it, and various "Doe" defendants. In September 1979, in the course of a deposition of plaintiff's own coemployee conducted by one of the named defendants, plaintiff learned that defendant Hocharian had serviced the vehicle's brakes prior to the accident. Accordingly, on November 5, 1979, plaintiff served him as a Doe defendant.

In pertinent part, section 581a, subdivision (a), provides that "*No action…shall be further prosecuted… unless the summons* on the complaint *is served and return made within three years* after the commencement of said action….*" (Italics added.) The Legislature added an important qualification to the foregoing rule in subdivision (d) of the same section: "The time during which the defendant was *not amenable to the process of the court* shall not be included in computing the time period specified in this section." (Italics added.) Although the clear implication of these provisions is that mere delay in locating or identifying an otherwise amenable defendant does not extend the three-year period, the majority's new "reasonable diligence" rule accomplishes precisely such a result. The majority's holding is not only unprecedented and in-

---

nels. (See generally *Anderson* v. *Air West, Inc.* (9th Cir. 1976) 542 F.2d 522, 526; *Pearson* v. *Dennison* (9th Cir. 1965) 353 F.2d 24, 28-29.)

deed *contrary* to prior law, it also contravenes the very policy underlying section 581a to assure that defendants receive timely notice of the institution of an action against them.

Despite the seemingly mandatory language of section 581a, subdivision (a), certain nonstatutory exceptions to its directive have been recognized. (See *Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 53 [115 Cal.Rptr. 241, 524 P.2d 369]; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489].) Until today's decision, however, these exceptions were carefully limited to two restricted categories, excusing plaintiff's delay where (1) defendant is *estopped* to complain (*Tresway Aero., Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 441-442 [96 Cal.Rptr. 571, 487 P.2d 1211]), or (2) there are circumstances *beyond plaintiff's control* which made it "impracticable, impossible, or futile" to comply with section 581a (*Ippolito* v. *Municipal Court* (1977) 67 Cal.App.3d 682, 687 [136 Cal.Rptr. 795]; *Highlands Inn, Inc.* v. *Gurries* (1969) 276 Cal.App.2d 694, 698 [81 Cal.Rptr. 273]). Plaintiff, here, concedes that there is no basis for finding that defendant should be estopped from relying on section 581a. Similarly, plaintiff must acknowledge that timely service upon defendant Hocharian was wholly *within her control*, for defendant was amenable to process throughout the entire period in question.

The majority excuses compliance with section 581a if plaintiff exercised "reasonable diligence" in prosecuting her action, and if defendant was not unduly prejudiced by the delay. As I will seek to demonstrate, such a judicially declared broad exception to the statutory three-year requirement finds no support in the cases.

In *Wyoming Pacific, supra*, we held that despite the mandatory language of section 581a, "discretion has entered into the application of this provision so as to prevent it from being used to compel the dismissal of actions where the plaintiff has not had a reasonable opportunity to proceed to trial. [Citation.] [¶] [T]he trial court is vested with discretion ... comparable to the discretion with which it is vested in applying the exceptions to section 583 [specifying a five-year period in which to bring one's case to trial]." (50 Cal.2d at pp. 740-741.) Significantly, the cases interpreting section 583 have agreed that an exception exists "where it would be impossible, impracticable or futile *due to causes beyond a party's control* to bring an action to trial during the five-year period. [Citations.]" (*Crown Coach Corp.* v. *Superior Court* (1972) 8

Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347], italics added; accord, *Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 532 [71 P.2d 205, 112 A.L.R. 1153]; *Hunot* v. *Superior Court* (1976) 55 Cal.App.3d 660, 664 [127 Cal.Rptr. 703].)

I have found no case which has excused compliance with either section 581a or 583 based upon circumstances which are *within* plaintiff's control, such as the failure to discover relevant facts or evidence. As stated in a recent section 583 case, "it has never been held or even hinted that time stands still while the parties are going through the necessary motions of getting a case ready for trial. [¶] On the contrary, it is quite firmly established that 'the time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar or securing a jury trial are not within the contemplation of the implied exceptions for exclusion from a computation of the applicable period....' [Citations.]" (*Standard Oil Co.* v. *Superior Court* (1976) 61 Cal.App.3d 852, 857 [132 Cal.Rptr. 761]; accord, *Crown Coach Corp.* v. *Superior Court, supra*, 8 Cal.3d 540, 548.) Similarly, time does not "stand still" until, during the course of discovery, plaintiff stumbles across evidence which discloses the identities of legally vulnerable persons who previously had been sued as Doe defendants. The failure to discover such evidence, even when a party exercises reasonable diligence, should not excuse a delay beyond the statutory three-year period.

Section 581a is aimed at assuring that a defendant receives timely notice of the commencement of an action, so that he may, in turn, undertake discovery, preserve evidence, and locate witnesses. (*Ippolito* v. *Municipal Court, supra*, 67 Cal.App.3d 682, 687.) Insofar as the "Doe defendant procedure" is concerned, the California system has received academic criticism, for "it indiscriminately lets any plaintiff add as much as 3 years to any applicable statute of limitations. For example, the California statute of limitations for breach of a written contract is 4 years. This would seem to provide ample time for a plaintiff to identify all potential defendants. A defendant who first learns of the suit almost 3 years after the expiration of such a lengthy period is justified in complaining that a procedural gimmick is being used to deprive him of the protections that a reasonable, set period of limitations is supposed to provide." (Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth* (1977) 30 Stan.L.Rev. 51, 101-102, fns. omitted.)

Under the present majority's holding, the period within which service of summons may be made on a Doe defendant may be extended even further than the unusually lengthy prenotification period envisaged by Professor Hogan. Thus, as construed by the majority, the time sequences in the foregoing example could well be four years (for the underlying action) plus three years (§ 581a), *plus an undetermined, indefinite prolonged period* within which the plaintiff may attempt to show that his or her diligence has been "reasonable" and that the defendant has not been unduly "prejudiced" by the delay. The introduction of such rubberized, elastic standards into what is essentially a limitations statute (now *judicially* transformed by the majority into a mere presumption), results in neither fairness nor certainty in civil procedure. The unsettling consequence doubtless will leave innumerable civil actions entirely open-ended subject to the vagaries of a case-by-case inquiry as to the "reasonableness" of plaintiff's conduct and the "prejudice" to defendant. Such a consequence does not serve the timely and orderly resolution of civil disputes.

For all the foregoing reasons, I would reverse the trial court's order denying defendant's motion to dismiss.

Clark, J., concurred.

**CLARK, J.,** Dissenting—I join the view ably expressed by Justice Richardson that today's majority decision is contrary to prior law and contravenes the policy underlying Code of Civil Procedure section 581a. But the majority decision goes even further. By requiring an "unreasonable conduct" test, (*ante*, p. 720), it removes all substantive effect from section 581a.

Code of Civil Procedure section 583, subdivision (a) provides for dismissal of actions not brought to trial within two years. When a plaintiff is guilty of *unreasonable conduct* in failing to bring the case to trial, dismissal under the two year statute is appropriate. (Cal. Rules of Court, rule 203.5; *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 418-419 [134 Cal.Rptr. 402, 556 P.2d 764]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]; *Corlett* v. *Gordon* (1980) 106 Cal.App.3d 1005, 1013 et seq. [165 Cal.Rptr. 524]; *Brown* v. *Pacific Tel. & Tel. Co.* (1980) 105 Cal.App.3d 482, 487 et seq. [164 Cal.Rptr. 445]; *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 396 et seq. [153 Cal.Rptr. 912]; *Moore* v. *El Camino Hosp. Dist.*

(1978) 78 Cal.App.3d 661, 663 [144 Cal.Rptr. 314]; *City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543 [133 Cal.Rptr. 212].)

Obviously, a case cannot be brought to trial before the defendant has been served or has appeared, and because the majority has now adopted the same test for section 581a as is applied under section 583, subdivision (a), there is no longer any need for section 581a. In any case where there is an unreasonable delay in serving process for three years, dismissal is available under section 583, subdivision (a). While a difference may exist in appellate court review of orders under the two provisions, the test before the trial court is now the same. The majority opinion effectively forges the two sections into one.

Petitioner's application for a rehearing was denied, March 2, 1981. Clark, J., and Richardson, J., were of the opinion that the application should be granted.