[Civ. No. 64980. Second Dist., Div. Five. Mar. 25, 1983.]

LEON AVEDISSIAN et al., Plaintiffs and Appellants, v.
ROSE MANUKIAN, Defendant and Respondent.

## COUNSEL

Thompson, Thompson & Brown and Allen K. Brown for Plaintiffs and Appellants.

Daniel Lalafarian for Defendant and Respondent.

## OPINION

**STEPHENS, J.**—This is an action that resulted from an alleged breach of a promissory note and alleged subsequent ratification of that note and debt by defendant and respondent Rose Manukian (hereafter respondent). Plaintiffs and appellants, Leon and Armenubi Avedissian (hereafter appellant), appeal from the trial court's denial of their motion to amend their complaint as well as the dismissal of their action pursuant to Code of Civil Procedure section 583, subdivision (b).

At issue is whether a stipulation entered into by the parties pursuant to section 583, subdivision (b), allows a party to amend its original complaint to add a new cause of action at a trial which began after the five-year statute had run but which began within the stipulated extended time.

The relevant facts are as follows: On December 12, 1974, appellant Leon Avedissian entered into a loan agreement with respondent's husband. The loan was for $20,000 and was to be delivered to the jewelry store operated by the husband and respondent's son. A promissory note prepared on behalf of appellant was offered for the signatures of both respondent and her husband. The note called for payment of the debt plus interest at 10 percent per annum by March 12, 1975. Upon presenting the money, appellant requested respondent

and her husband to sign the note. Respondent's husband signed but respondent did not.[1] Appellant thereafter accepted the partially executed note.

Before payment of the note could be made, respondent's husband died. Some 40 days after the death of her husband, appellant visited respondent and discussed the debt. No mention of the promissory note took place, yet respondent represented to appellant that she, respondent, had a moral obligation to pay back all the debts of her husband.

In July 1975, respondent and her son gave appellant $1,300 worth of jewelry to be deducted from the $20,000 principal owed on the loan. Later, respondent's son, without the knowledge or consent of respondent, paid appellant $500 to further reduce his father's debt.[2]

On April 6, 1975, appellant filed a complaint for breach of the promissory note. Respondent answered, denying most allegations, and counterclaimed seeking treble damages as recovery for alleged usurious interest paid to respondent.[3] Both parties thereafter entered into settlement negotiations. A tentative settlement was reached, then reneged upon. In September of 1979, the parties executed a stipulated agreement limited solely to extending the time in which the then pending lawsuit could come to trial. That date was extended to April 1983. The stipulation made no references with respect to any possible amendments to the complaint which, at that time, contained the single issue, that being the authenticity of respondent's signature.

On May 18, 1981, the parties went to trial. That same day, appellant made a motion to amend his complaint to include an acknowledgment by appellant of the promissory note, a ratification, or, in the alternative, proof of a promise made subsequent to the filing of the lawsuit. Respondent opposed the motion contending that such an amendment would be pleading a new lawsuit after the statute of limitations had expired. The court indicated that it had doubts about the amendment based upon the passing of the five-year statute of limitations. Its concern stemmed not from the reconstituting of a new obligation by the moral obligation, but from the effect of the waiver of the statute of limitations and whether or not there was merely a waiver of the pleadings and facts then before the court for trial.

---

[1] A signature purporting to be that of respondent was entered on the note. That signature, however, was found to be a forgery. Respondent contends she never signed the note and was not aware of its existence until served in this lawsuit. She also insists she did not learn of the loan itself until some six days after the loan was made to her husband.

[2] Appellant was advised to file a claim against the estate of respondent's husband. Appellant, however, failed to do so because he believed it was not the gentlemanly thing to do at the time.

[3] Respondent alleged that a $2,000 diamond watch had been "paid" to appellant by her deceased husband in violation of California Usury Laws.

Before making a final decision, the court permitted the introduction of evidence subject to its motion to strike should it be decided that the complaint could not be amended. Later, the court recessed to review section 583 in an effort to aid in its decision. The court found that the stipulation extending the five-year statute operated only to extend the pleadings then in force and that it was without power to allow an amendment under section 583. Respondent's motion to strike appellant's testimony was granted as to all issues except the validity of the promissory note and its due execution.[4]

Judgment was thereafter entered in favor of respondent. The trial court concluded that respondent's promise to pay was based upon moral obligations alone and did not resurrect nor constitute an acceptance or ratification of the subject promissory note or the debt. The court also found that a signature on the note, purporting to be that of respondent, was not hers. Additionally, the court found that appellant at no time changed his position because of any promise or representations of respondent and, in fact, believed the repayment of the debt was the obligation of the son and not respondent. This appeal followed.

### DISCUSSION

Code of Civil Procedure section 583, subdivision (b), provides in part: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, *except where the parties have filed a stipulation in writing that the time may be extended.*" (Italics added.)

■ The purpose and effect of a written stipulation extending time to beyond the five-year period to bring a case to trial does not open the gate for amendment to the complaint which necessitates proof of facts (and defense thereof) different or in addition to the facts necessary to the existing complaint. The case of *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269] is not authority to the contrary. There an amendment had been made after the running of the *statute of limitations.* The court held that the statute had not run on a cause of action against the same defendant and arising out of the same injury.[5] This right to amend has nothing to do with the requirement to bring a case to trial within five years. (Code Civ. Proc., § 583, subd. (b).) A stipulation extending time for trial has no relationship or effect upon limitations for amending complaints.

---

[4]Nevertheless, the court continued to hear argument with regard to amending the pleadings to include ratification and estoppel. It eventually reversed its decision to strike appellant's evidence concerning ratification.

[5]Defendant had been named as a Doe defendant in the original complaint but at the time of the amendment, within three years from the original filing, the defendant was substituted for Doe I.

A written stipulation was entered into between the parties.[6] The purpose of said stipulation was to extend until April 1983, the time to bring this action to trial. At that time the parties were then involved in settlement negotiations. The original complaint filed by appellant contained the sole allegation that respondent executed and delivered a promissory note to appellant. The answer filed by respondent denied this allegation. The action as stated above continued as such until the time of trial, more than five years from the date the complaint was filed. At trial, appellant made a motion to amend the complaint to enable a showing of ratification, estoppel and acknowledgment of the debt.

The court reserved ruling on the matter and allowed the introduction of all the evidence appellant would have presented in support of his requested amendment. In light of the proffered evidence and in spite of its final determination that it had no jurisdiction to allow an amendment, the court exercised its discretion in determining that this particular amendment would not be allowed. ■ As a general rule, a trial court's exercise of discretion with respect to amendment of pleadings should be upheld unless clearly abused. Furthermore, where inexcusable delay and probable prejudice to the opposing party is indicated, the trial court's exercise of discretion in denying a proposed amendment should not be disturbed. (*Estate of Murphy* (1978) 82 Cal.App.3d 304, 311 [147 Cal.Rptr. 258].)

■ Under the circumstances presented, we do not see any abuse of discretion in the trial court's refusal to broaden the issues by permitting appellants' pleadings to be amended so as to reflect issues of ratification and estoppel. Both issues warranted a series of new facts and new theories not previously included in the complaint filed more than five years previously.

To seek an amendment nearly six years after the initial complaint was filed and on the first day of trial was not in our opinion an act of due diligence. It is not as if appellant stumbled across some new evidence or some new theory at the last moment. (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 727 [170 Cal.Rptr. 790, 621 P.2d 829].) The amendment offered at that time undoubtedly would prejudice respondent, who for six years waited to defend against the claim of executing and delivery of a promissory note.

■ Finally, we find appellant's contention that the trial court erred as a matter of law and fact in concluding that respondent did not ratify the promissory note equally lacking in substance. Appellants predicate their argument on their conclusion that respondent ostensibly engaged in an agency relationship with her deceased husband, in that respondent, by her acts, accepted the benefits of the $20,000 loan, and adopted both the acts of her husband and her son.

---

[6]A copy of that stipulation is not provided in the record.

Appellant reflects on the fact that the jewelry store was operated by respondent's husband and son, that it was a community-owned business of respondent and her husband, and that respondent occasionally worked as a saleswoman to help when her husband was ill. The trial court specifically found the facts insufficient to constitute an agency relationship. We must agree that an agency cannot be implied merely from the marriage relation alone. (*Lovetro* v. *Steers* (1965) 234 Cal.App.2d 461, 475 [44 Cal.Rptr. 604].) While we are aware that "much less evidence is required to establish a principal and agent relationship between husband and wife than between nonspouses" (*id.*, at p. 475), the record here conclusively supports the trial court's finding that respondent neither participated in the loan transaction nor received the benefits thereof.[7] Nor did her part-time sales work establish an agency relationship with her husband or her son.

Regarding the question of ratification, appellant points to the fact that respondent's son gave appellant $1,300 in jewelry with respondent's permission and another $500 without her knowledge or permission as a reduction of the debt. That money was paid by the son as he acted in his capacity as executor of his father's estate at the time when the estate was still subject to creditor's claims. Likewise, we find no evidence in the record that supports the contention that the $1,300 jewelry sale acted as a ratification of respondent's purported signature on the note. That signature was forged and was not known by respondent to be on the note at the time the jewelry was given.

While we can sympathize with appellant's wish to promote and sustain a close friendship with respondent, as we see it, his sole course of action to protect his investment was to file a claim with respondent's husband's estate. This he chose not to do for personal reasons.

The judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.

---

[7]For the above reasons, we need not concern ourselves with appellant's contention that respondent is estopped from asserting section 583 as a defense.