[No. B024085. Second Dist., Div. Four. Dec. 18, 1987.]

THELMA CLARK et al., Plaintiffs and Appellants, v.
STABOND CORPORATION et al., Defendants and Respondents.

COUNSEL

Houck, Balisok & Harowitz, Steven M. Harowitz, Alan H. Feldstein and John M. Urban for Plaintiffs and Appellants.

Bonne, Jones, Bridges, Mueller & O'Keefe, Michael D. Lubrani, Kinkle, Rodiger & Spriggs and Stephen P. Robinson for Defendants and Respondents.

OPINION

**WOODS, P. J.**—Thelma Clark and Alice Lynwalter (appellants) appeal from a judgment entered in favor of Stabond Corporation (Stabond) and from an order of dismissal entered in favor of Fiber Resin Corporation (Fiber Resin) in appellants' wrongful death action. The basis of both the judgment and order of dismissal was appellants' failure to have effected service of the summons and complaint within two years. (Code Civ. Proc., § 583.420, subd. (a)(1).)[1]

The procedural history of this case is somewhat involved and can be best depicted by the following chronology:[2]

August 20, 1982—Gerald Clark filed a products liability action, case No. NCC 21758B (sometimes called the original action), against Does 1 to 1,000, alleging injuries sustained by him as a result of his exposure to asbestos and asbestos products.

September 21, 1982—Gerald Clark filed his first amended complaint in the original action, naming five defendants and specific chemical substances causing his injuries. Neither Stabond nor Fiber Resin was among the named defendants.

November 8, 1982—Gerald Clark died.

October 24, 1983—A second amended complaint was filed in the original action to permit Thelma Clark, Gerald's wife, to prosecute the action. A cause of action for wrongful death was also added.

October 28, 1983—The instant action, alleging wrongful death alone, was filed as case No. NCC 23690B (sometimes referred to as the second action) with appellants as named plaintiffs against the same five defendants named in the original action and Does 1 to 1,000. Again, neither Stabond nor Fiber Resin was named. The same chemical substances named in the original

---

[1] All statutory references, unless otherwise specified, are to the Code of Civil Procedure.
[2] Additional events not depicted in this chronology will be referred to in the body of the opinion as necessary.

action as having caused Gerald Clark's injuries are named as having caused his death in the second action.

April 8, 1985—The original action was amended to name Fiber Resin in place of a Doe defendant.

February 24, 1986—Fiber Resin is dismissed as a defendant in the original action following its successful motion for dismissal based on the failure of the plaintiffs in that case to have served Fiber Resin within the two-year period set forth in section 583.420, subdivision (a)(1).

April 7, 1986—Appellants' attorney claimed he learned of Stabond's potential involvement as a cause of Gerald Clark's injuries and death for the first time.

April 18, 1986—The second action was amended to name Stabond and Fiber Resin in place of two Doe defendants.

May 1986—Stabond moved for dismissal based on appellants' failure to have served the complaint in the new action within two years.

July 11, 1986—A hearing was held and Stabond's motion was granted. An order of dismissal was filed on August 19, and notice of entry of judgment was filed on August 26, 1986.

July 31, 1986—Fiber Resin filed a demurrer to the complaint in the new action and a motion to strike the amendment naming it as a defendant in that action based on appellants' failure to timely serve.

August 15, 1986—Appellants filed an opposition to Fiber Resin's demurrer and motion to strike.

August 22, 1986—A hearing was held on Fiber Resin's demurrer and motion to strike. The motion to strike was granted and the demurrer denied as moot.

September 10, 1986—An order of dismissal was filed as to Fiber Resin.

This appeal followed.

# I

## A.

*The Stabond Appeal*

Section 583.420, subdivision (a)(1) permits discretionary dismissal of an action for delays in prosecution when "[s]ervice is not made within two years after the action is commenced against the defendant." The exercise of a trial court's discretion will be disturbed only upon a showing by appellant of manifest abuse. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58]; *Brown* v. *Pacific Tel. & Tel. Co.* (1980) 105 Cal.App.3d 482, 571 [164 Cal.Rptr. 445].)[3]

A plaintiff is required to make some showing of excusable delay when he or she has failed to effect service within the two-year period of section 583.420, subdivision (a)(1). (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590]. In the instant case, the trial court determined that appellants' delay in prosecuting the action against Stabond was "unjustified." Specifically, the court cited appellants' failure to pursue timely discovery, which, presumably, would have led appellants to identify and serve Stabond within two years of the filing of the action. Additionally, the trial court listed various factors under California Rules of Court, rule 373(e), which it had considered in ruling on the motion and demonstrated how each supported granting of the motion.[4]

Specifically, the court found (1) that Stabond was available for service during the entire period of delay; (2) that appellants had not pursued discovery diligently; (3) that the case was relatively simple; (4) that, had the complaint been timely served, it was likely the matter could have been tried;

---

[3] Appellants, citing *Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019, 1027 [213 Cal.Rptr. 712], maintain that the proper standard of review in this action is de novo review. *Hurtado* does, in fact, stand for the proposition of de novo appellate review of discretionary dismissal motions and is, to that extent, inconsistent with the Supreme Court's recent decision in *Blank* v. *Kirwan, supra,* 39 Cal.3d at page 331. We, therefore, decline to follow *Hurtado*.

[4] The factors listed in rule 373(e) must be considered by a trial court in ruling on a discretionary dismissal motion. (*Dockery* v. *Hyatt* (1985) 169 Cal.App.3d 830, 833 [215 Cal.Rptr. 488].) Those factors include: ". . . The availability of the moving party . . . for service of process; the diligence in seeking to effect service of process; . . .; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; . . .; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case" and any other relevant fact or circumstance.

and (5) that, under all the facts and circumstances of the case, it would be an injustice to deny the motion.

The record demonstrates ample support for the findings of the trial court. Appellants conceded that the instant action remained "dormant" from the time it was filed in 1983 until service of the complaint more than two years later. Appellants sought to show their diligence in attempting to ascertain potential defendants by pointing to discovery undertaken, not in this action, but in the original 1982 action. Even so, all but two of the discovery proceedings to which appellants referred were conducted by codefendants in the original action rather than by appellants themselves. Furthermore, at the hearing of Stabond's motion, appellants' counsel conceded that the documents which finally led them to Stabond in 1986 could probably have been obtained as early as 1982. He also admitted that he became aware of the existence of the documents in 1985. It is evident that appellants' efforts at discovery were minimal, occasionally misdirected and that, other than those efforts, nothing was done to prosecute the instant action.

## B.

■ This case presents an additional problem in that Stabond was initially sued as a Doe defendant. Under the fictitious name statute a plaintiff "ignorant of the name of a defendant" may designate such defendant "by any name" pending amendment of the relevant pleading "when his true name is discovered." (§ 474.) The purpose of this statute is to allow a plaintiff ignorant of a defendant's identity to file suit before plaintiff's claim is barred by the statute of limitations. (*Barrows* v. *American Motors Corp.* (1983) 144 Cal.App.3d 1, 7 [192 Cal.Rptr. 380].)

The subsequently identified defendant can be named by an amendment to the complaint which then "relates back" to the filing of the original complaint, obviating a statute of limitations defense. (*Barrington* v. *A.H. Robins Co.* (1985) 39 Cal.3d 146, 150 [216 Cal.Rptr. 405, 702 P.2d 563].) A plaintiff's use of the device is ultimately limited by section 583.210 which provides that, in any event, a defendant must be served within three years. The "relation back" doctrine is also used to calculate when the three-year service period begins. (*Id.,* at p. 154.)

■ The question here is whether in the Doe defendant situation (§ 474) the requirement of reasonable diligence is applicable to the period for service as well as the period for filing, or whether, as appellants contend, such a complaint should never be dismissed before three years absent an abuse of the fictitious name procedure.

We asked the parties to brief whether section 474 in any way limits the applicability of section 583.420 (allowing discretionary dismissals for failure to effect service within two years) in those actions brought against Doe defendants whose identity might be discerned more than two years after filing a complaint but less than the three-year outer limit for effecting service. After careful review, we have concluded that no such limitation exists.

Appellants cite us to cases which provide that "there is *no* requirement under section 474 that plaintiff exercise reasonable diligence in discovering either the true identity of fictitious defendants or the facts giving him a cause of action against such persons after the filing of the complaint and up to the expiration of the applicable limitation period." (*Streicher* v. *Tommy's Electric Co.* (1985) 164 Cal.App.3d 876, 883 [211 Cal.Rptr. 22], italics in original; *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 947 [154 Cal.Rptr. 472]; *Joslin* v. *H.A.S. Insurance Brokerage* (1986) 184 Cal.App.3d 369, 376 [228 Cal.Rptr. 878].)

In the first place, these cases in which this expansive language occurs are not addressed to claims of delays in prosecution but to statute of limitations defenses asserted by defendants who argued that there was an improper use of the fictitious name statute. Thus, they do not involve the issue of whether delays in effecting service on Doe defendants for a period of more than two years are vulnerable to a discretionary dismissal motion.

In *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], the Supreme Court dealt with exceptions to the three-year service statute in a case involving service of a defendant originally named as a Doe after the three years had expired.[5] In passing, the court observed: "Certainly the state has an interest in assuring that lawsuits are prosecuted expeditiously. [Citation.] As a result, plaintiffs are required by statutes, such as sections 581a [now 583.210] and 583 [now 583.410 et seq.], to use reasonable diligence in bringing lawsuits to trial." (*Id.,* at p. 721.) Apparently, then, the Supreme Court perceived no exception to the reasonable diligence requirement of the discretionary dismissal statutes for actions against Doe defendants. (And see, *Barrows* v. *American Motors Corp., supra,* 144 Cal.App.3d at p. 10, fn. 4 ["[T]he plaintiff's lack of diligence in investigating the identity of potential defendants would be one factor to consider if the delay were more than two years after filing of the complaint. . . ." (Italics deleted.)].)

---

[5] Appellants' assertion that *Hocharian* was repudiated on the point for which we cite it is wrong. To the extent *Hocharian* served as an exception to the three-year service statute based on the plaintiff's reasonable diligence, it was overruled by the enactment of section 581a, subdivision (f). (*Barrington* v. *A.H. Robins Co., supra,* 39 Cal.3d at p. 156.)

Second, neither the relevant statute nor rule of court recognizes an exception to the diligence requirement. Section 583.420, permitting discretionary dismissal for failure to effect service speaks in terms of all defendants, not merely named defendants. Nor does rule 373(e), setting forth matters relevant to the proper determination of a motion to dismiss for delay in prosecution, make any distinction between service on named or fictitious defendants. Rather, the rule requires consideration of the availability of the moving party for service of process and "the diligence in seeking to effect service of process."

Finally, policy considerations also support application of the discretionary dismissal statutes to actions against Doe defendants. One purpose of the discretionary dismissal statutes is to expedite the administration of justice by requiring reasonable diligence in the prosecution of civil lawsuits. (*Blank v. Kirwan, supra,* 39 Cal.3d 311, 332.) A second purpose, especially significant where the delay is caused by failure to effect service, is to avoid prejudice to the defendant caused by the dissipation of material evidence limiting the defendant's ability to defend. (*Adams v. Roses* (1986) 183 Cal.App.3d 498 at pp. 505-506 [228 Cal.Rptr. 339].) These purposes would be frustrated by carving out an exception to the discretionary dismissal statutes based on how a defendant is identified in the plaintiff's complaint. While there is some force in policy arguments made by appellants, they are ultimately not persuasive in light of these countervailing policies.[6]

## C.

The failure of appellants to show excusable delay is not the sole reason to sustain the trial court's ruling. Stabond also demonstrated actual prejudice caused by the delay in effecting service. (*Adams v. Roses, supra,* 183 Cal.App.3d 498, 505-506.) This prejudice stems from the unavailability of key witnesses, the loss of invoices of chemical sales and production records, and the destruction of chemical samples for testing as well as alterations in the formulas or discontinuation of the chemical products which allegedly contributed to the decedent's injuries. Appellants did not contest the prejudice to Stabond in the court below, nor here.

## II

### The Fiber Resin Appeal

Appellants also appeal from the order of dismissal entered in favor of Fiber Resin. Their sole argument here is that the trial court erred in

---

[6]There is, however, no merit in appellants' arguments that section 583.410 is either constitutionally invalid or inapplicable to the instant case.

granting Fiber Resin's dismissal motion because it was served on appellants less than the 45 days required for service of motions to dismiss by rule 373(a). Although appellants objected to the untimely service, they also filed opposition papers and argued the motion on its merits. By doing so, appellants effectively waived any irregularity in the service. (*Adams* v. *Roses, supra,* 183 Cal.App.3d at p. 509; *Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925, 929-930 [119 Cal.Rptr. 835].)

In their reply brief, appellants argue that their objection to the untimely service precludes any finding of waiver. The objection is not sufficient if a plaintiff then chooses to argue the motion on its merits. What was said in Tate is relevant here: "[P]etitioner appeared at the hearing in response to the notice. He did not appear specially to object to the court's jurisdiction or to the failure of the court to comply with rule 203.5 [now rule 373(e)]. The record is bereft of any indication that petitioner moved to quash the notice for lack of compliance with rule 203.5. To the contrary the record discloses that petitioner appeared at the hearing and argued the motion to dismiss on its merits." (*Id.* at p. 930.)

The judgment and order are affirmed.

McClosky, J., and George, J., concurred.