[No. B034401. Second Dist., Div. Three. Aug. 18, 1988.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
GEORGE QUINTERO et al., Real Parties in Interest.

**COUNSEL**

De Witt W. Clinton, County Counsel, and Rafael A. Ongkeko, Deputy
County Counsel, for Petitioner.

No appearance for Respondent.

Baden V. Mansfield for Real Parties in Interest.

**OPINION**

**THE COURT.**\*—By means of petition for writ of mandate, defendant Los
Angeles County (County) is seeking reversal of the denial of a motion to
dismiss for delay in prosecution. We find the filing of a government tort
claim (Gov. Code, § 905 et seq.) does not change the statutory requirement
that a plaintiff exercise reasonable diligence in serving and prosecuting an
action against a government entity. Based on the unreasonable and inexcus-
able delay in serving the summons and complaint upon County, we grant a
peremptory writ in the first instance and direct the respondent court to
enter a dismissal of this action.

### Discussion

Plaintiffs Quintero allege they sustained damages for personal injuries,
assault, battery and false arrest on January 26, 1984. A government tort

---

\* Before Klein, P. J., Arabian, J., and Croskey, J.

claim was timely filed on March 15, 1984; a complaint was filed on January 28, 1985. The court file was dormant until November 6, 1987, at which time the superior court gave notice of intention to dismiss under Code of Civil Procedure section 583.420, subdivision (a)[1] which provides for dismissal if service is not made within two years after the action is commenced. Hearing on the motion to dismiss was set for January 8, 1988.

After receiving notice of the court's intent to dismiss, Quintero's attorney filed an amended complaint and, on January 6, 1988, served County. The court then denied its own motion to dismiss and ordered the matter to arbitration. Notice of ruling was served on February 16, 1988.

County then filed a motion to dismiss under section 583.420, subdivision (a)(1).[2] In opposing the motion to dismiss, Quintero's counsel contended (1) the filing of the government tort claim was sufficient to give County notice of the issues to be raised so that County can not assert prejudice resulting from the delay; (2) informal investigation and discovery was conducted by plaintiff's attorney during the two-year, eleven-month period between the filing of the complaint and the service on County; and (3) the action should be determined on the merits.

County's motion to dismiss was denied on April 20, 1988, based on the finding that filing of the government claim "tempers and changes the application of the [dismissal] statute because the main purpose of limitations and dismissal for delay or lack of diligence is so that stale claims not be litigated without sufficient evidence and . . . so that you don't get ambushed. But you can't get ambushed when you have a claim [filed]."

## I. THE ACTION WAS NOT PROSECUTED WITH REASONABLE DILIGENCE.

Section 583.420, effective January 1, 1985, provides that an action may be dismissed if service is not made within two years after the action is commenced or if the action is not brought to trial within three years. Section 583.410 provides for dismissal for delay in prosecution if it "appears to the court appropriate under the circumstances." The intent of the statutory scheme is " 'to compel reasonable diligence in the prosecution of an action *after it has been commenced. . . .*' " (*Black Bros. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501, 505-506 [71 Cal.Rptr. 344], italics added.)[3]

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2] In pertinent part section 583.420 provides: "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: (1) Service is not made within two years after the action is commenced against the defendant."

[3] Disapproved on unrelated grounds in *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 563 [86 Cal.Rptr. 65, 468 P.2d 193], and in *Wolfson* v. *Personal Travel Service, Inc.* (1971) 3 Cal.3d 909, 911-912 [92 Cal.Rptr. 286, 479 P.2d 646].)

California Rules of Court, rule 373(e)[4] sets forth the factors which must be considered in ruling on a discretionary dismissal including availability of the movant for service, diligence in seeking to effect service, any settlement discussions, the diligence in pursuing discovery, the nature and complexity of the case, whether the interest of justice is best served by dismissal or by trial on the merits, and any other circumstance relevant to a fair determination of the issue. Here, County was available for service, Quintero's counsel was not diligent in seeking to effect service, discussing settlement, or discovery, and the case is not particularly complex.

The law is well established that the investigation or procurement of evidence does not excuse a long unexplained delay in serving the complaint. (*Black Bros. Co.* v. *Superior Court, supra,* 265 Cal.App.2d at p. 509.) Section 583.240, subdivision (d) was made effective January 1, 1985, to codify the law that failure to discover facts or evidence does not make impossible, impracticable or futile the service of the complaint. Quintero's sole excuse that service of the complaint was delayed because his counsel was conducting discovery does not provide a reasonable basis for denial of the motion to dismiss and does not justify the failure to serve County within the time period set forth in section 583.420, subdivision (a)(1).

The purpose of the dismissal statutes is to expedite the administration of justice by requiring reasonable diligence in the prosecution of civil lawsuits and to avoid prejudice to the defendant caused by the dissipation of evidence, thereby limiting the defendant's ability to defend the action. (*Clark* v. *Stabond Corp.* (1987) 197 Cal.App.3d 50, 58 [242 Cal.Rptr. 676].) Neither section 583.420, nor rule 373(e) makes a distinction between service upon government entities or upon any different category of defendants. (*Ibid.*)

Here, Quintero has provided no reasonable basis for the failure to serve County for almost three years after the filing of the complaint and almost

---

[4] California Rules of Court, rule 373(e) provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

four years after the incident giving rise to this civil action. Quintero has absolutely no excuse for the failure to effect service within the two-year period of section 583.420, subdivision (a)(1); there is "an entire absence of any showing constituting good cause for the delay." (*Martindale* v. *Superior Court* (1970) 2 Cal.3d 568, 574 [86 Cal.Rptr. 71, 468 P.2d 199].) Absent a showing of excusable delay, the policy of disposition on the merits does not prevail. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590].)

## II. PREJUDICE IS INFERRED WHEN, AS HERE, THE TIME BETWEEN FILING AND SERVICE IS PROTRACTED.

As a general rule, courts are receptive to an inference of prejudice where there has been an unreasonable delay in service. (*Luti* v. *Graco, Inc.* (1985) 170 Cal.App.3d 228, 233 [215 Cal.Rptr. 902].) "An unjustified delay in serving the summons and complaint is accorded less appellate tolerance than one in which service is timely but the case is not diligently pursued." (*Ibid.*)

In *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383 [153 Cal.Rptr. 912], the court held "Delay in effecting service constitutes a particularly pernicious form of delay in terms of potential prejudice, for the defendant during the period of that delay may be unaware that the action has been filed and thus not alerted to the necessity for making discovery, interviewing witnesses and preserving evidence essential to his defense. Even if witnesses do not become unavailable, their memories of details such as times and dates and the specific words used in critical conversations will fade." (*Id.* at pp. 402-403.)

The appellate cases which hold actual prejudice must be shown (see, e.g., *Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019 [213 Cal.Rptr. 712]) were impliedly overruled in *Blank* v. *Kirwan* (1985) 39 Cal.3d 311 [216 Cal.Rptr. 718, 703 P.2d 58], in which our Supreme Court affirmed a discretionary dismissal although no prejudice had been shown, holding that the legislative policy underlying the dismissal statutes " '. . . is not grounded solely in prejudice caused by delay to a defendant. Its purpose, too, is to expedite the administration of justice *by compelling every person who files an action to prosecute it with promptness and diligence.*' [Citations.]" (*Id.* at p. 332, italics added.)

Several courts have recognized that *Hurtado* and its progeny are irreconcilable with *Blank* and should no longer be considered. (See, e.g., *Longshore* v. *Pine* (1986) 176 Cal.App.3d 731 [222 Cal.Rptr. 364]; *Schumpert* v. *Tishman Co.* (1988) 198 Cal.App.3d 598, 602-606 [243 Cal.Rptr. 810].) The *Schumpert* court held a defendant need make no showing of actual

prejudice in order to be entitled to a dismissal for a plaintiff's failure to effect service within the statutory period. The discretionary dismissal statutes are " '. . . statutes of repose, seeking to discourage stale claims "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." [Citations.] Secondly, the dismissal section is designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice. [Citations.]' " (198 Cal.App.3d at pp. 602-603.)

The superior court file in this action reflects a total absence of activity between the filing of the complaint on January 1, 1985, and the court's notice of intent to dismiss on November 6, 1987. Quintero's argument that he was conducting informal discovery during the lengthy delay merely provides support for County's contention that it was prejudiced in that the delay denied County the reasonable opportunity to question the witnesses and preserve their testimony before memories of details faded. ■ An inference of prejudice is especially appropriate here as the case is based on the allegedly wrongful conduct of individuals and the extent to which they and witnesses recall the incident giving rise to this action. As in *Schumpert,* nearly four years passed between the incident and service of the complaint, effectively denying County the right to gather evidence and conduct meaningful discovery. "To accept plaintiff's argument would, in effect, reward unreasonable procrastination to the detriment of defendants." (198 Cal.App.3d at p. 607.)

III.  THE FILING OF A GOVERNMENT TORT CLAIM DOES NOT EXCUSE FAILURE TO EXERCISE DILIGENCE IN PROSECUTION OF AN ACTION AFTER THE FILING OF THE COMPLAINT.

In *Black Bros. Co.* v. *Superior Court, supra,* 265 Cal.App.2d 501, the plaintiff made the same argument as urged here, namely, defendant was not prejudiced by delay in prosecution of the action because defendant and defendant's insurer had been notified of the claim and could have conducted an investigation. In reversing the denial of defendant's motion to dismiss, the *Black Brothers* court found knowledge of the claim was "quite beside the point" since neither the defendant nor defendant's insurer was aware that the complaint had been filed. (*Id.* at pp. 507-508.) " 'It is the duty of a plaintiff to act, and to act with reasonable promptness and diligence, and defendant need make no move until the law requires him to do so "in response to the movements of plaintiff at the various stages of the litigation." ' " (*Id.* at p. 506.)

The record here shows County was not aware of the pendency of this civil action until January 6, 1988. ■ The filing of a government tort claim,

which claim had been denied almost four years earlier, is not equivalent to the service of summons in a lawsuit. ". . . [U]ntil defendant was served with the summons, it was under no legal duty to search the records to see if a complaint had been filed or to take any steps in the pending action. . . . A defendant has no legal duty to do anything more than meet the plaintiff step by step, beginning with the service of summons." (265 Cal.App.3d at p. 508.) Citing *Black Brothers* with approval, our Supreme Court, in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], reiterated the policy that when a plaintiff fails to exercise reasonable diligence his action may be dismissed and commented, ". . . [T]he idea of *reasonable diligence* has been the cornerstone of statutory analysis [of the dismissal statutes]. [Citations.]" (*Id.* at 720.)

The circumstances here are not unlike those in *Adams* v. *Roses* (1986) 183 Cal.App.3d 498 [228 Cal.Rptr. 339], in which plaintiffs contended the difficulty in obtaining a certificate of merit in a medical malpractice case excused the failure to diligently prosecute the action. The *Adams* court concluded the time during which plaintiff was obtaining the certificate of merit had no effect upon the discretionary dismissal statutes. (*Id.* at pp. 503-505.)

The purposes of the dismissal statutes are defeated by the carving out of exceptions to the statutes based on who the defendant is. (*Clark* v. *Stabond Corp., supra,* 197 Cal.App.3d at p. 58.) Permitting a plaintiff who has displayed a total lack of diligence in the prosecution of the civil action and who has failed to effect service during a lengthy unexcusable delay to pursue a lawsuit merely because the defendant is a public entity clearly frustrates the policy underlying the dismissal statutes. While plaintiffs must satisfy the government claims acts (Gov. Code, § 905 et seq.) as a prerequisite to tort suits against public entities, the Legislature has not excused those plaintiffs from the statutory mandate to diligently prosecute their tort actions. The dismissal statutes apply to all plaintiffs and to all defendants (*Clark* v. *Stabond Corp., supra,* 197 Cal.App.3d at p. 58), including those defendants which are public entities.

Clearly, it is the filing of the complaint which begins the running of the statutory time periods, mandating that a plaintiff exercise reasonable diligence in serving and prosecuting the action.

A defendant, including a defendant who is a government entity, is under no duty to search the records to see if a complaint has been filed. (*Black Brothers Co.* v. *Superior Court, supra,* 265 Cal.App.2d at p. 508.) There is no duty to investigate when there is no notice of the filing of a lawsuit.

Accordingly, we find: (1) the filing of a government tort claim does not satisfy the purpose of the dismissal statutes as to delay *after* the filing of a

complaint; (2) there was an unreasonable and inexcusable delay in service of the complaint; (3) County had no duty to search the records to determine whether a complaint had been filed; and (4) the unreasonable delay gives rise to an inference that County had been prejudiced by the loss of the opportunity to participate in discovery and to fully investigate the matter. In weighing all the factors present here, we have determined that County has satisfied the burden of showing a manifest abuse of discretion as Quintero has made absolutely no showing of good cause for the delay. It would be an injustice not to dismiss this action.

### Disposition

Having notified all parties of our intention to issue a peremptory writ in the first instance and having fully reviewed the contentions made in opposing the issuance of a writ, we conclude the requirements of *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893] are satisfied and deem this a proper case for issuance of the relief requested in the first instance.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order denying the motion to dismiss and to enter instead a dismissal of this action.

The petition of real party in interest Quintero for review by the Supreme Court was denied November 9, 1988.