[No. B047652. Second Dist., Div. Three. July 27, 1990.]

HIGHLAND STUCCO AND LIME, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
LOS ANGELES UNIFIED SCHOOL DISTRICT, Real Party in
Interest.

638

**COUNSEL**

Daniels, Baratta & Fine, Michael B. Geibel, G. Matthew Fick, Mary Hulett and Oliver P. Lasley for Petitioner.

No appearance for Respondent.

Greene, Broillet, Paul, Simon & Wheeler and Helen Eisenstein for Real Party in Interest.

---

**OPINION**

**DANIELSON, J.**—Highland Stucco and Lime, Inc. (Highland) seeks a writ of mandamus commanding respondent court (Judge Leon Savitch) to vacate its order denying Highland's motion to quash service of process, and to dismiss for failure timely to serve process and failure to bring the action to trial within five years, and to enter a new order granting the motion.

Highland brought its petition for writ of mandamus on the grounds that: (1) dismissal was mandatory, because the summons and complaint were not served upon defendant Highland within three years after the action was commenced against it, as required by subdivision (a) of section 583.210 of the Code of Civil Procedure;[1] and (2) the court abused its discretion by not dismissing the action on the discretionary ground of delay in prosecution, because service of process was not made on Highland within two years after the action was commenced as permitted by sections 583.410 and 583.420, subdivision (a)(1).[2]

We deny the petition.

### FACTUAL AND PROCEDURAL STATEMENT

*The Setting*

On January 27, 1983, the Los Angeles Unified School District (District) commenced the present action (Los Angeles Unified School District v. Owens-Corning Fiberglass Corporation, et al. (L.A. Super. Ct. case No. C440317)), against numerous defendants, for property damages resulting from asbestos products used in about 10,000 school buildings on more than 700 separate campuses of District.

---

[1] All further section references are to the Code of Civil Procedure unless otherwise specified.

[2] In its motion Highland also urged dismissal on the ground that the action had not been brought to trial within five years after it had been commenced against the defendant, as required by sections 583.310-583.360. Highland has not urged that ground in its petition for writ of mandamus.

This action is "complex litigation" within the definition set forth in the standards issued by the Judicial Council.[3] (Cal. Standards Jud. Admin., § 19.) Pursuant to those standards, the court directed that issues concerning abatement and statutes of limitations were to be resolved first in the litigation. It was in this context that the court made certain stay orders which ultimately gave rise to this proceeding.

*The Stay Orders*

On January 20, 1984, Judge Christian E. Markey, on his own motion, issued the following order, captioned *"NOTICE TO ALL PARTIES"* (January 20 stay order): *"all* discovery proceedings in this matter are stayed retroactive to *December 1, 1983*, except for those matters relating directly to the deposition scheduled on the abatement issue." (Italics in original.) That order recited that a copy of that minute order was "delivered to counsel for the plaintiff this date."

In a minute order entered January 25, 1984, Judge Markey ordered that the January 20 stay order "is expanded to include . . . : All proceedings in this matter on non-abatement issues are stayed except as otherwise noted."

On February 10, 1984, plaintiff filed its third amended complaint; summons thereon was issued on February 14, 1984.

On April 3, 1984, Judge Markey signed and filed pretrial conference order No. 1, which recited that it was based on discussions conducted during the first pretrial conference which had been held on January 25, 1984. That order restated the above order as follows: *"The prior Stay Order of January 20, 1984, regarding discovery remains in full force and effect, and that Stay Order is expanded to include the following: All proceedings in this matter on non-abatement issues are stayed except as specifically otherwise ordered."* (Italics in original.)

In pretrial conference order No. 4, filed March 28, 1985, Judge Savitch issued the following order: "From and after January 20, 1984, plaintiff is

---

[3] Effective July 1, 1982, the Judicial Council of California adopted a series of recommended standards of judicial administration for complex litigation (Cal. Standards Jud. Admin., § 19). The adopted standards provided, inter alia, that: "In complex litigation, judicial management should begin early and be applied continuously and actively, based on knowledge of the circumstances of each case." (Cal. Standards Jud. Admin., § 19, (a)). The standards defined complex litigation as "those cases that require specialized management to avoid placing unnecessary burdens on the courts or the litigants. Complex litigation is not capable of precise definition but may involve, for example, multiple related cases, extensive pretrial activity, extended trial times, difficult or novel issues, and postjudgment judicial supervision, or may concern special categories such as class actions; however, no particular criterion is controlling and each situation must be examined separately." (Cal. Standards Jud. Admin., § 19, (c).)

prohibited from serving any defendant not served on or before January 20, 1984. This stay affects and precludes service of additional defendants by plaintiff from and after January 20, 1984 for the purposes of computing the time periods set forth in *Code of Civil Procedure*, Section[s] 581(a) and 583.210 through 583.250." (Italics in original.)

Pretrial conference orders No. 5 (for which the record shows no filing date), and No. 6, which was apparently filed September 24, 1985, were issued by Judge Savitch, and each contained this provision: *"From and after January 20, 1984, plaintiff is stayed from serving any additional defendant in the action. This stay precludes any service of additional defendants by plaintiff from and after January 20, 1984 for the purposes of computing the time periods set forth in Code of Civil Procedure, Section[s] 581(a) and 583.210 through 583.520 [sic,* we deem the court to have intended 583.250 as had been set forth in pretrial conference order No. 4, ante]." (Italics in original.)

Trial on the statute of limitations issues commenced on January 12, 1987. In the pretrial conference order No. 10, filed January 26, 1988, Judge Savitch ordered that "the commencement of the trial on the statute of limitations issues on January 12, 1987, shall be considered the commencement of trial for the purposes of the computation of the time periods set forth in section 583 and sections 583.310 through 583.360 . . ."; and further ordered that the January 20 stay order be lifted. Paragraph 2 of that order read: "From and after January 20, 1984, plaintiff has been stayed from serving any additional defendant in this action. This stay has precluded any service of additional defendants by plaintiff from and after January 20, 1984 for the purposes of computing the time periods previously set forth in section 581(a) and sections 583.210 through 583.520 [*sic,* we deem the court to have intended 583.250 as had been set forth in pretrial conference order No. 4, *ante*] of the Code of Civil Procedure and now found in sections 581(a) and 583.210 through 583.430 of that code. That stay is now lifted."

*Service of Process Upon Highland, and, the Motion to Quash and to Dismiss*

Petitioner Highland was substituted as Doe 8 in the third amended complaint pursuant to an amendment dated July 20, 1989.

On July 20, 1989, Highland, through James E. Green (Green), Esq., its authorized agent for service of process, was served by mail with the third amended complaint, the July 20, 1989 amendment, the summons, and

copies of the notice and acknowledgment of receipt of summons by mail as provided in section 415.30.

On September 23, 1989, Highland filed a motion to appear specially and to quash service of process and to dismiss. Highland argued that dismissal was mandatory, because service had not been effected within three years of the commencement of the action. Alternatively, Highland argued that dismissal was warranted, because more than two years had lapsed between filing of the complaint and service.

In his supporting declaration, Green, Highland's attorney, stated that at all relevant times he was Highland's agent for the service of process, and that on or about July 25, 1989, he had received a copy of the third amended complaint, the 1989 amendment, and summons, inter alia. He had refused to sign or return the, "Acknowledgment of Receipt of Service," because more than three years had lapsed from the commencement of the action. On September 1, 1989, he had received a letter dated August 31, 1989, from the District's attorneys, informing him that Highland was in default because of his refusal to sign and return that acknowledgment. On September 5, 1989, Green telephoned one of the District's attorneys and explained why he had refused to acknowledge receipt of service.

In its opposition to the motion, dated November 9, 1989 (no filing date shown), the District asserted Highland had been timely served with process, because the time during which the stay was in effect must be excluded from the computation of the three-year period.

On November 17, 1989, Highland was served personally with a copy of the third amended complaint.

Highland filed its reply to the District's opposition on December 6, 1989.

In its supplemental opposition the District reiterated its earlier position that the stay, which was in effect from January 1984, until January 26, 1988, made it impossible, impracticable, or futile for plaintiff to have served Highland during that time period.

On December 15, 1989, at the hearing on the motion, Judge Savitch asked Aaron Simon (Simon), the District's attorney, what Judge Markey meant when he said the nonabatement issues are stayed. Simon replied that he understood that stay order also meant "there was to be no further service." Simon further stated that when he had met with Judge Markey the prior week, Judge Markey indicated that this was his understanding of the stay order as well. Following argument of counsel, Judge Savitch denied the

motion to quash and to dismiss on the ground that although the stay order was not clear, he had understood the order staying the proceedings issued by Judge Markey to include the stay of service of process.

## DISCUSSION

### I. *Applicable Public Policy*

Sections 583.210 through 583.430, which are the statutory focus of this proceeding, are included in chapter 1.5, Dismissal for Delay in Prosecution, of title 8, part 2, of the Code of Civil Procedure. The statutorily declared public policy of the state for construing the provisions of chapter 1.5 are set forth in section 583.130 which declares, in part, "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action . . . . Except as otherwise provided by statute or by rule of court . . . the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

### II. *Dismissal Is Not Mandated for Failure Timely to Serve Process*

Highland asserts that dismissal of the action was mandatory under section 583.250,[4] because Highland was not served with process within three years after the action was commenced, as required under section 583.210.[5] The action was commenced on January 27, 1983, but Highland was not served until November 17, 1989, about six years, nine months and twenty days later.

The computation of the three-year time for service of process mandated by subdivision (a) of section 583.210 is governed by section 583.240 which provides, in pertinent part: "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed: . . . [¶] (b) The

---

[4] Section 583.250 provides:

"(a) If service is not made in an action within the time prescribed in this article:

"(1) The action shall not be further prosecuted and no further proceedings shall be held in the action.

"(2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties.

"(b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

[5] Subdivision (a) of section 583.210 provides: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed."

prosecution of the action or proceedings in the action was stayed and the stay affected service . . . [; and] [¶] (d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control."

Highland acknowledges that, in computing the three-year limitation, section 583.240 mandates the exclusion of time under the described conditions. Highland contends, however, that neither the "stay" time exclusion of subdivision (b) nor the "impossible, impracticable, or futile" time exclusion of subdivision (d) of section 583.240 applies here.

We disagree.

A. The trial court, in the discharge of its responsibilities to manage the massive issues and problems presented by the underlying complex litigation, properly stayed all proceedings in the action on nonabatement issues, that is, proceedings other than those having to do with abatement and the statute of limitations. In doing so the court exercised its inherent power to provide for the orderly conduct of the proceedings before it (§ 128, subd. (3)), and followed the California Standards for Judicial Administration of complex litigation adopted and recommended by the Judicial Council of California.

The court's stay of proceedings in the action clearly affected the service of process in that it precluded service upon additional defendants until the stay was lifted. The stay was in effect from January 20, 1984, through January 26, 1988, a period of four years and six days, which time must be excluded in computing the three-year time for service prescribed by section 583.210, subdivision (a). When that is done we find that Highland was served with the summons and complaint approximately two years, nine months and fourteen days after the action was commenced against it, well within the required three years.

B. As an alternate basis for denying the petition and thereby affirming the trial court's order, we hold that even if the trial court's stay order were not valid, the legal effect of the court order staying all proceedings except for abatement and statute of limitations issues was to render "[s]ervice . . . impossible, impracticable, or futile due to causes beyond the plaintiff's control" within the meaning of subdivision (d) of section 583.240. Compliance with a facially valid court order is mandatory (see, e.g., *In re Brambini* (1923) 192 Cal. 19, 28-32 [218 P. 569]; cf. *In re Berry* (1968) 68 Cal.2d 137, 147 [65 Cal.Rptr. 273, 436 P.2d 273]), and thus, a "cause[] beyond the plaintiff's control." To hold otherwise would invite wholesale disobedience to court orders.

In the present case the record establishes that it was "impossible, impracticable, or futile" for the District to serve Highland from January 20, 1984 through January 26, 1988, a period of four years and six days, because of the court's stay orders which precluded service during that time.[6] Thus, as pointed out above, Highland was served with process well within the three-year time limitation.

III. *No Abuse of Discretion for Refusal to Dismiss Under the Court's Discretionary Power*

Highland, alternatively, asserts that the court abused its discretion by failing to dismiss, because, after the stay was lifted, the District waited more than two years to serve Highland. The stay was lifted on January 26, 1988, and Highland was not served until November 17, 1989. There was, thus, a lapse of about one year, nine months and twenty-one days between the date the stay was lifted and the date the District did serve Highland.

We find no abuse of discretion. A court has discretion under sections 583.410 and 583.420, subdivision (a)(1) to dismiss where "[s]ervice is not made within two years after the action is commenced against the defendant." In order to show an abuse of discretion based on a refusal to dismiss, the burden is on Highland to show actual prejudice from the delay since the District has acted diligently from the outset of the action. In its petition Highland concedes that there had been approximately 200 depositions, and that other extensive discovery had been undertaken, and that the court file alone fills seven file drawers. There is no claim of lack of diligence on the part of the District. (See, e.g., *Schumpert* v. *Tishman Co.* (1988) 198 Cal.App.3d 598, 606 [243 Cal.Rptr. 810].)

Highland claims "actual prejudice" but cites no evidence in the record to support that assertion. Highland also claims that an inference of prejudice arises from the fact that the District waited nearly 17 months (from Jan. 26, 1988, to July 20, 1989) before it first attempted to serve Highland. As authority, it cites *County of Los Angeles* v. *Superior Court* (1988) 203 Cal.App.3d 1205 [250 Cal.Rptr. 481].

Highland's reliance on *County* is misplaced. In that case the plaintiff waited almost three years before serving the county and made service only in response to the trial court's notice of intent to dismiss. Moreover, there was "a total absence of activity between the filing of the complaint on

---

[6] Delay caused by complications involving multiple parties has been recognized as a condition making it "impossible, impracticable or futile" for service of process. (See, Revised Recommendation Relating to Dismissal for Lack of Prosecution, 17 Cal. Law. Revision Com. Rep. (1984) 905, 918.)

January 1, 1985, and the court's notice of intent to dismiss on November 6, 1987." (*County of Los Angeles* v. *Superior Court, supra,* 203 Cal.App.3d 1205, 1207-1208, 1211.) Such facts are not present here.

## DECISION

The petition is denied. The alternative writ is discharged.

Klein, P. J., and Croskey, J., concurred.

Petitioner's application for review by the Supreme Court was denied October 17, 1990.