[No. B083073. Second Dist., Div. Three. Aug. 3, 1995.]

SANG Y. HAN, Plaintiff and Appellant, v.
CITY OF POMONA et al., Defendants and Respondents.

**COUNSEL**

Watkins & Coberly and J. Brian Watkins for Plaintiff and Appellant.

Lynberg & Watkins, Sharyn G. Alcaraz, Stephen M. Harber and Caroline M. Albert for Defendants and Respondents.

**OPINION**

**CROSKEY, Acting P. J.**—Plaintiff Sang Y. Han (plaintiff) appeals from an order which denied his petition for relief from failure to file a timely tort

claim with defendant, the City of Pomona. The trial court found that plaintiff showed a lack of diligence throughout the nearly four and one-half years between the time plaintiff's cause of action arose and the day his petition for relief was heard. We find that although there was excusable neglect for plaintiff's failure to timely file a tort claim with defendant, no excuse exists for his failure to timely serve defendant with his petition for relief and have the petition heard. On that basis, we affirm the order denying the petition.

## BACKGROUND OF THE CASE

According to plaintiff's complaint, he was in the Los Angeles International Airport on September 26, 1989, waiting to board a flight to Seoul, South Korea, when he was arrested by police officers who took him to defendant's jail. The arrest stemmed from business transactions between plaintiff and defendant (plaintiff operated a travel agency). The arrest was apparently on false charges of grand theft.

On September 25, 1990, plaintiff filed, with defendant, an application for leave to present a late tort claim (Gov. Code, § 911.4).[1] The application states plaintiff wished to present a claim against defendant "founded on a cause of action for false imprisonment, false arrest, conspiracy, intentional infliction of emotional distress, libel, and slander which accrued on September 26, 1989." According to the application, a lawsuit had already been filed against defendant (and others).

The application lists several reasons why plaintiff did not file a timely tort claim. First, plaintiff, "a naturalized citizen of the United States, was born in Korea and his native language and culture is that of Korea." Second, plaintiff was advised by a detective of the Pomona Police Department, and by a "notice of victim's rights" poster hung on a wall at the police department, and by an employee of the municipal court, that his suit had a one-year statute of limitations; he was not aware that he had to present a written claim to the defendant as well as file a suit. Third, plaintiff "was so emotionally upset and affected by the events . . . that he was rendered virtually helpless for a lengthy period of time." According to plaintiff, the local Korean

---

[1]Unless otherwise indicated, all statutory references herein are to the Government Code. Section 911.4 is part of the California Tort Claims Act (§ 810 et seq.).

Section 911.2 provides that when a claim against a governmental body relates to a cause of action for injury to person, a written claim must be presented to that public entity "not later than six months after the accrual of the cause of action." Section 911.4 provides that when a personal injury claim is not filed within the six months, "a written application may be made to the public entity for leave to present such claim."

Under section 911.4, the request to file a late claim must be presented "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim."

language newspaper only reported his arrest (apparently meaning it did not also report a favorable outcome for plaintiff) and so plaintiff "lost his business and his reputation for honesty and truthfulness in his personal and business life." This delayed his search for help in this matter. Fourth, plaintiff's father was very ill in September and October of 1989, spending over 40 days in the hospital, and lingered in bad health until he died in May 1990. Fifth, plaintiff was not able to find an attorney until "days before the expiration of the one year statute."

By letter, defendant denied plaintiff's application for permission to file a late claim. The letter is dated October 24, 1990, but it states in part: "Notice is hereby given that the application For Leave To Present A Late Claim . . . was denied on October 29, 1990 by the City." Thus, it is not clear whether the denial was made on October 24 or October 29. However, subsequent acts by plaintiff render this lack of clarity irrelevant.

On April 26, 1991, plaintiff filed a petition with the superior court for relief from his failure to timely file his claim with defendant. (§ 946.6.) The petition was supported by declarations from plaintiff and his attorney. In his declaration, the attorney stated he observed a "notice of victim's rights" poster on the wall at the police station and said notice "states there is a one-year Statute of Limitations."

Plaintiff's declaration addressed the matters upon which he had based his application for leave to file a late claim. Plaintiff stated his primary language is Korean and he is not trained in law. According to plaintiff, a detective from the Pomona Police Department advised him he had a year "to file [his] claim." Plaintiff stated he had no reason not to believe the detective and he also relied on the poster in the police department which advises "the claim must be made within one year." He did not learn this advice was incomplete until he contacted his attorney "days prior to the expiration of the one-year Statute of Limitations." Plaintiff stated he delayed contacting an attorney because he was "depressed and unable to function properly for a lengthy period of time" due to the events surrounding his arrest, his loss his business, and his father's lengthy illness and ultimate death.

Although plaintiff filed his petition for relief in April 1991, he delayed setting a hearing on it. The initial hearing date was November 22, 1993. Notice of the hearing was served on defendant on October 12, 1993; on that same day, the petition was also served on defendant *for the first time.* The explanation given by plaintiff's attorney for this lapse of two and one-half years between the time the petition was filed and the time it was served on defendant is that the attorney "lost contact" with plaintiff.

The date of the hearing was changed twice, with the court ultimately denying the petition on February 4, 1994. Thereafter, plaintiff filed this appeal from the order of denial.

## CONTENTIONS ON APPEAL

On appeal, plaintiff contends the trial court was required to grant him relief from filing an untimely claim with defendant because (1) his late filing was due to excusable neglect, (2) his lengthy delay in setting a hearing on the petition was not a factor to be considered by the court, (3) defendant did not show it would be prejudiced if the petition were granted, and (4) prejudice will not be presumed.

## DISCUSSION

Under section 945.4, a person seeking to sue a public entity "for money or damages" must generally first file a claim with that entity. As we have already noted (see fn. 1, *ante*), this claim must be filed within six months of the accrual of the plaintiff's cause of action, and if it is not timely filed, the plaintiff must then file, under section 911.4, a request with the public entity for permission to file a late claim. If such request is denied, the plaintiff's next step is to invoke the provisions of section 946.6 and petition the court for relief from the claim-filing requirements of section 945.4.

Under subdivision (c)(1) of section 946.6, when a petition for relief is filed with the court, the court "*shall* relieve the petitioner" from the claim-filing provisions in section 945.4 if the court finds (1) "that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of section 911.4 [one year after accrual of plaintiff's cause of action] and was denied or deemed denied pursuant to Section 911.6" and (2) that "The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from Section 945.4." (Italics added.)

Under the provisions of subdivision (e) of section 946.6, the trial court makes an independent determination of the merits of the petition. "The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition." (*Ibid.*) ██ "[T]he showing required for relief under section 946.6 because of mistake, inadvertence, surprise, or excusable neglect is the same as required under Code of Civil Procedure section 473 for relieving a party from a default judgment [citation]." (*Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271].)

■ "The determination of the trial court in granting or denying a petition for relief under section 946.6 will not be disturbed on appeal except for an abuse of discretion. [Citation.] . . . [¶] Section 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary claimant. [Citation.]" (*Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 435, fn. omitted.) The statute exists because of the policy that cases should be heard on their merits whenever possible, and therefore, doubts should be resolved in favor of the person petitioning for relief. For that reason, an appellate court will be more rigorous in reviewing a denial of relief than in reviewing a decision to grant relief. (*Ibid.*)

■ On appeal, plaintiff contends the trial court was absolutely required to grant his petition because he presented evidence that his failure to file a timely claim was the result of excusable neglect. ·■ "Excusable neglect is neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances. [Citation.]" (*Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 435.) In *Viles* v. *State of California* (1967) 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818], the plaintiff received information from insurance adjusters, who represented him and a private party, that he had a year to bring an action. He erroneously believed this information applied in the same manner to public entities, and thus was not aware that he first had to file a tort claim against the State of California before it could be sued. He therefore delayed nearly nine months before he consulted an attorney. The reviewing court concluded that it could not say "that this was an unreasonable misconception nor one that the average prudent [person] in the conduct of important business affairs would not have formed. [Citation]." (*Id.* at pp. 29-30.) The court concluded that the plaintiff's mistake of law "was of the type foreseen by the Legislature and that his neglect to present his claim within [the statutory time] because of his honest belief that he had a year to act was excusable." (*Id.* at p. 31.) The court also observed: "Where, as here, plaintiff's mistake was the actual cause of his failure to comply with the [statutory time frame], his application to the board could obviously not have been made until he discovered his mistake, and the delay was, therefore reasonable under the circumstances." (*Id.* at p. 32, fn. omitted.)

■ In the instant case, plaintiff likens himself to the plaintiff in *Viles*, noting that he relied on information, received from both a poster in the police station and a police detective, that he had a year to file his action. While substantively plaintiff may have brought himself within the confines

of section 946.6, subdivision (c)(1),[2] he has not succeeded in meeting the procedural requirements of subdivision (b) of that section. Subdivision (b) requires that a petition for relief "shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6." In this case, plaintiff filed his petition on April 26, 1991, a date, which for purposes of this appeal, we will deem to be within the six-month period after the board denied plaintiff's request to file a late claim, since the board's letter of denial has two different dates in it. However, plaintiff did not set a hearing on his petition or serve the petition on defendant until mid-October 1993. Although subdivision (b) of section 946.6 states that the petition should be "filed within six months," and thus does not say "filed *and served and a hearing set* within six months," we cannot believe that setting a hearing and serving the petition on defendant some two and one-half years after it was filed, and four years after the cause of action accrued, can be said to comply with the spirit of subdivision (b).[3]

In enacting section 946.6, the Legislature was obviously concerned with limiting the span of time during which a person can petition for relief from the courts for his failure to file a timely tort claim with the prospective public entity defendant. By subdivision (b) of section 946.6 , the Legislature requires a petitioner-plaintiff to file his petition within six months of the date his application for leave to present a late claim was denied by the public entity (or deemed to have been denied). By subdivision (c), the Legislature requires a petitioner-plaintiff to have made his application for relief to the public entity "within a reasonable time not to exceed that specified in

---

[2]The trial court apparently did not believe plaintiff brought himself within the provisions of subdivision (c)(1) of section 946.6 because it stated, in part, in its minute order: "Plaintiff did not originally use diligence to obtain counsel. Thereafter, there is a lack of diligence in filing late claim." We cannot agree with the trial court. The record shows that the police incident which forms the basis of this matter occurred on September 26, 1989, and plaintiff sought legal assistance from his attorney "within days" of the date the one-year statute of limitations would run. The application for permission to file a late claim was filed with the defendant September 25, 1990. Since plaintiff's mistake of law was excusable under *Viles*, and since it would necessarily take his attorney some time to prepare an application to file with the defendant after being contacted by plaintiff "just days" prior to said filing, we find reasonable diligence in his filing his application with defendant. (*Viles* v. *State of California, supra*, 66 Cal.2d at pp. 31-32.) However, as discussed below, thereafter plaintiff's diligence came to an end.

[3]The only directions in section 946.6 regarding setting the hearing and serving the petition are found in subdivision (d). Those provisions state in relevant part: "A copy of the petition and a written notice of the time and place of hearing thereof shall be served before the hearing as prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure . . . ." Subdivision (b) of Code of Civil Procedure section 1005 provides that moving and supporting papers must be filed and served at least 15 days prior to the hearing date, and it directs that specific additional days be added to these 15 days for certain types of service (e.g., 5 extra days for service by mail where the place of mailing and the place addressed are within California).

subdivision (b) of Section 911.4." Clearly, the Legislature did not contemplate allowing a petitioner to simply file his petition for relief with the court and then take his time serving it on the public entity and setting a hearing on it. ■ Additionally, although subdivision (c)(1) provides that upon a petitioner's establishment of mistake, inadvertence, surprise, or excusable mistake, the petition should be granted "unless the public entity *establishes* that it would be prejudiced in the defense of the claim if the court [grants the petition]" (italics added), we hold there are cases where such prejudice will be *presumed*. Thus, when the length of time between (1) the day the public entity denies the petitioner's request for permission to file a late claim and (2) the day petitioner serves his section 946.6 petition and notice of hearing on the public entity becomes unreasonably long, prejudice to the public entity will be presumed from the delay and the court will not abuse its discretion in denying the plaintiff's petition.

■ In the instant case, plaintiff waited two and one-half years between the time he filed his petition and the time he served it. Such a delay is clearly unreasonable.[4] Prejudice is presumed. To grant plaintiff's petition would mean that defendant would be served with the summons and complaint more than four years after the arrest which forms the basis of plaintiff's complaint. Obviously, this is neither right nor fair.

Our conclusion is not affected by the fact that plaintiff's request for permission to file a late claim gave defendant some advance notice of plaintiff's discontent over having been arrested by plaintiff's officers. That request is no substitute for a timely notification (by service of the petition for relief) that plaintiff intended to press on with his claims against defendant. (Cf. *County of Los Angeles* v. *Superior Court* (1988) 203 Cal.App.3d 1205 [250 Cal.Rptr. 481].) In *County of Los Angeles*, a similar argument was made by the plaintiff who opposed a motion to dismiss for failure to timely prosecute. The plaintiff had let nearly three years lapse before it served the county with the summons and complaint. In that case, this court said: "In *Black Bros. Co.* v. *Superior Court* [1968] 265 Cal.App.2d 501 [71 Cal.Rptr. 344], the plaintiff made the same argument as urged here, namely, defendant was not prejudiced by delay in prosecution of the action because defendant and defendant's insurer had been notified of the claim and could have conducted an investigation. In reversing the denial of defendant's motion to dismiss, the *Black Brothers* court found knowledge of the claim was 'quite beside the point' since neither the defendant nor defendant's insurer was

---

[4]The only excuse given for this lengthy delay is that plaintiff's attorney lost contact with plaintiff. This excuse for delay was rejected in *Garcia* v. *City etc. of San Francisco* (1967) 250 Cal.App.2d 767, 771 [58 Cal.Rptr. 760], the court finding that it would not constitute excusable neglect for failure to file a timely tort claim.

aware that the complaint had been filed. (*Id.* at p. 507-508.)" (*Id.* at p. 1211.) Here, defendant was left unaware for two and one-half years that plaintiff had filed a petition for relief with the court.

## DISPOSITION

The order appealed from is affirmed. Costs on appeal to defendant.

Kitching, J., and Aldrich, J., concurred.